### C. W. WILSON v. T. J. FREEMAN, RECEIVER.

No. 2455.   Decided May 17, 1916.

**1.—Excessive Verdict—Practice on Appeal.**

Where the Court of Civil Appeals reverses a judgment because the amount of the recovery is excessive it is its duty, under article 1631, Revised Statutes, to indicate the amount of the excess and permit the appellee to cure the error by a remittitur thereof. The statute is mandatory. (Pp. 124, 125.)

**2.—Same—Uncertainty of Excess.**

A finding by the Court of Civil Appeals that the amount of the recovery is excessive, but that, by reason of the circumstances it is unable to suggest the amount of excess does not warrant it in reversing and remanding the case solely because of the excessive judgment. It is generally impossible to ascertain the excess with accuracy; and all that the statute (Rev. Stats., art. 1631) requires is that the court exercise its sound judicial discretion; but this it does require. (P. 125.)

**3.—Excessve Judgment—Jurisdiction of Supreme Court.**

The finding by the Court of Civil Appeals that the evidence is insufficient to authorize a judgment for the amount recovered, is purely upon a question of fact. Its holding thereon is final and can not be reviewed by the Supreme Court. It is not a holding that there is no evidence as matter of law. (P. 125.)

**4.—Practice in Supreme Court.**

Where the Court of Civil Appeals, solely on the ground that the recovery was excessive, reversed and remanded the case, the Supreme Court, on reversing and remanding to that court for its error in failing to indicate the amount of excess and permit a remittitur, will not pass on other questions presented by the application for writ of error, since these will be open to presentation a second time, on writ of error upon the judgment on appeal when amended in accordance with its mandate.   (P. 126.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Wilson sued Freeman, receiver of the International & Great Northern Railroad Company, and recovered judgment.   He obtained writ of error on its reversal on appeal by defendant.

*J. D. Childs, W. C. Campbell,* and *Jas. W. Brown,* for plaintiff in error.—That the statute was mandatory and the court bound to afford opportunity for remittitur: Railway Co. v. Nicholson, 57 S. W., 693; Railway Co. v. Syphan, 91 Texas, 562; Railway Co. v. Eckles, 25 Texas Civ. App., 179, 60 S. W., 830; Waggoner v. Sneed, 138 S. W., 219; Railway Co. v. Swann, 127 S. W., 1164; Railway Co. v. Darby, 28 Texas Civ. App., 413, 67 S. W., 446; Railway Co. v. Gray, 66 S. W., 229; Railway Co. v. McKenzie, 30 Texas Civ. App., 293; Glasgow v. Railway Co., 191 Mo., 347, 89 S. W., 915; Railway Co. v. Mucke, 47 Texas Civ. App., 38; Railway Co. v. McMannewitz, 70 Texas, 76; Railway Co. v. Shieder, 88 Texas, 152; Producers' Oil Co. v. Barnes, 120 S. W., 1023; Bowman v. Saigling, 111 S. W., 1082; Railway Co. v. Harris, 109 S. W., 287; Mueller v. Bell, 117 S. W., 993; Graves v. Bullen, 115 S. W., 1177; Freeman v. Davis, 117 S. W., 186; Telegraph Co. v. Bell, 106 S. W., 1147; Wilson v. Manhart, 108 S. W., 162; Railway Co. v. Patrick, 109 S. W., 1097.

*John M. King, Hicks & Hicks, F. C. Davis, F. H. Booth, J. L. Camp, Jr.,* and *Ramsey, Black & Ramsey,* for defendant in error.— The Court of Civil Appeals having in this case concluded as a fact under all the evidence that the verdict of the jury allowing the enormous sum of $20,386.05 was based on the assumption by the jury that plaintiff in error would become totally blind, and said court having in this connection found that plaintiff in error was at fault in respect to the treatment of the injuries received by him, and that he could and should take steps to prevent such blindness, and there being evidence in the record to sustain such findings of fact, this court will not on conflicting evidence set aside the finding of the Court of Civil Appeals. Mutual Life Ins. Co. v. Hayward, 88 Texas, 315; Thomas v. Morrison, 92 Texas, 329; Brush Elec. & Power Co. v. Lefevre, 93 Texas, 604; Ennis v. Brooks, 101 Texas, 591; H. & T. C. Ry. Co. v. Fenn, 101 Texas, 511; Horst v. Lightfoot, 103 Texas, 643; S. W. Tel. & Tel. Co. v. Smithdeal, 104 Texas, 205; Kansas City, M. & O. Ry. Co. v. City of Sweetwater, 104 Texas, 329; Guisti v. Galveston Tribune, 105 Texas,

497, 152 S. W., 167; Lee v. I. & G. N. Ry. Co., 89 Texas, 583; Tweed v. Western Union Tel. Co., 107 Texas, 247, 177 S. W., 957.

Where, as in this case, the verdict is based on, and the damages allowed include, an element for which no recovery can be had, and where the damages, both in respect to those properly recoverable and those not permitted, is unliquidated and sounding in tort, that there is no basis or method by which any court can say to what extent the verdict of the jury is excessive, or in what sum a remittitur can or will be permitted. T. & P. Ry. Co. v. Taylor, 58 S. W., 844; M., K. & T. Ry. Co. of Texas v. Belew, 22 Texas Civ. App., 264, 54 S. W., 1079; T. & P. Ry. Co. v. Frank, 40 Texas Civ. App., 86, 88 S. W., 383; Suderman & Dolson v. Kriger, 109 S. W., 373; H. & T. C. Ry. Co. v. Rogers, 117 S. W., 1053; Freeman v. Mireles, 127 S. W., 1162; Marshall & E. T. Ry. Co. v. Waldrop, 141 S. W., 315; T. & B. V. Ry. Co. v. Doke, 152 S. W., 1174; Houston Electric Co. v. Green, 106 S. W., 463; H. & T. C. Ry. Co. v. Bird, 48 S. W., 756; San Antonio Traction Co. v. Cassanova, 154 S. W., 1190; A., T. & S. F. Ry. Co. v. Dawson, 90 S. W., 65; La. R. G. Canal Co. v. Quinn, 161 S. W., 375.

Where a writ of error is granted, and especially where, as in this case, it is sought on the ground of conflict and the court grants the writ and thus acquires jurisdiction, that it should and will in determining the case consider every assignment of error presented in the Court of Civil Appeals by the appellant in that court. Terrell v. McCown, 91 Texas, 231.

Summarizing the whole case, our opinion is: (1) That the finding of the Court of Civil Appeals that plaintiff in error was guilty of contributory negligence, and the injury to his right eye and the possibility or probability of his being blind was caused by his own negligence, is a finding of fact not only authorized by the evidence but the only finding consistent with the evidence and same is binding on this court. (2) That inasmuch as it appears from the findings of fact of the Court of Civil Appeals that the jury in this case have in a general verdict allowed damages for injuries for which no recovery under the law is authorized, that it is impossible to cure the excessiveness of such verdicts by remittitur. (3) That in any event since the Court of Civil Appeals has found the verdict to be excessive that such finding is one binding on this court and that whatever may be the conclusion of this court as to whether the Court of Civil Appeals should have allowed a remittitur, that the only action which this court can take if it disagrees with this proposition and should not reverse the case on other assignments of error presented by us in the Court of Civil Appeals, is to remand the case to the Court of Civil Appeals for the Fourth Supreme Judicial District, with instructions to indicate what remittitur will be required as a condition of affirmance. (4) That under the authorities, inasmuch as this writ could have only been granted on the ground of conflict, that every error assigned by us in the Court of Civil Appeals may be presented and must be considered by this court, and we

are entitled as of right to a review of these questions in this court, and on the errors so assigned the judgment of the District Court should be reversed.

MR. JUSTICE YANTIS delivered the opinion of the court.

This suit was instituted by C. W. Wilson, plaintiff in error, in the District Court of Bexar County, against T. J. Freeman, Receiver, and the International & Great Northern Railroad Company to recover damages for personal injuries received by him while he was rendering services to said receiver and said railroad as an employee. The suit was dismissed as to the International & Great Northern Railroad Company.

The plaintiff in error, Wilson, alleged that while he was removing cross-ties from the roadbed of said railroad with a pick which had been furnished by the defendant in error a sliver of steel, or metallic substance, slivered off from said pick and entered his left eye, causing total blindness therein.

Several grounds of negligence were alleged by the plaintiff in error, but only one of the grounds pleaded was presented to the jury, and that was the "defective and insufficient condition" of the pick, by reason of which condition "a piece of steel slivered off from said pick and struck plaintiff in the left eye." It was alleged by the plaintiff in error that by reason of such negligence he had lost the sight of his left eye, and that "the right eye has also become injured and affected, that it is only a question of time when he will also lose the sight of his right eye, and he will become totally blind." A verdict was rendered in favor of the plaintiff in error for $20,386.05. An appeal was taken by the receiver, Freeman, to the Court of Civil Appeals for the Fourth District. That court held that no error was committed in the trial of the case in the District Court, but held that the verdict was excessive, and that it could not suggest the amount of the excess by reason of the circumstances of the case; that the evidence did not warrant a recovery for total blindness, and it was only upon this theory that the jury could have found so large a recovery, which we construe to be a clear holding that the evidence was insufficient to support so large a sum as was found by the jury. (149 S. W., 413.)

The plaintiff in error, C. W. Wilson, presented to this court his petition for writ of error, which was granted, this court entertaining the view that article 1631, Vernon's Sayles' Statutes, is mandatory in its requirement that, when the verdict is found excessive by the Court of Civil Appeals it is the duty of that court to indicate the amount of the excess, and to allow a remittitur thereof if filed within the time fixed by it. Said article is as follows:

"In all civil cases now pending, or that may hereafter be appealed to any Court of Civil Appeals of this State, and such court shall be of the opinion that the verdict and judgment of the trial court is excessive, and for that reason only, said cause should be reversed, then it

shall be the duty of such Court of Civil Appeals to indicate to the party in whose favor such judgment was rendered, or his attorneys of record, the amount of the excess of such verdict and judgment; and said court shall, at the same time, indicate to such party, or his attorney, within what time he may file a remittitur of such excess; and, if such remittitur shall be so filed, then the court shall reform and affirm such judgment in accordance therewith; if not filed as indicated, then to be reversed."

We think said statute is mandatory, and that the Court of Civil Appeals should not have reversed and remanded the case upon the ground alone that the verdict was excessive. True, it is difficult to ascertain the amount of the excess, but this difficulty arises in most cases of excessive verdicts. For instance, if a verdict is excessive on account of the passion and prejudice of the jury, aroused by inflammatory speech, it is difficult, and generally impossible, to ascertain, with accuracy, what portion of the verdict was assessed because of the influence of inflammatory speech, and what portion of the verdict was based on the proper elements of damage, legally recoverable; or if the verdict assessed for the loss of a limb, or for some similar injury, is excessive, still it is difficult to ascertain with certainty the exact amount of the excess. All the Court of Civil Appeals can do, and all that is required of it to do, by said statute, is to exercise its sound judicial judgment and discretion in the ascertainment of what amount would be reasonable compensation for the injury sustained, and treat the balance as excess. The court must first determine what amount would, be reasonable before it can determine what amount would be unreasonable. Texas & N. O. Ry. Co. v. Syfan, 91 Texas, 562, 44 S. W., 1064. Having determined that the verdict is excessive, or unreasonable, it is, necessarily implied that the court has decided upon an amount that would be reasonable compensation for the injury which was actually suffered, in which event it should authorize a remittitur of the excess above the amount which would be reasonable compensation for the injury, in accordance with its sound judgment. We think that in the practical administration of justice this is all that is required of the court to do in such cases, but we believe this much is the mandatory requirement of the statute quoted.

It is insisted that we should hold the verdict not excessive, and affirm the judgment of the District Court for the full amount. It is not within our province to do this. The question of the excessiveness of a verdict in this character of suit is purely a question of fact, upon which the judgment of the Court of Civil Appeals is final. International & G. N. R. R. Co. v. Goswick, 98 Texas, 480, 85 S. W., 785.

We construe the holding of the Court of Civil Appeals to be a finding that the evidence is insufficient to authorize a recovery for the amount of this verdict. It is clearly not a holding that there was "no evidence" to support the verdict in such amount, but merely a holding that the evidence was insufficient. This does not present a law question. The

jurisdiction of questions of fact is final under our statute in the Court of Civil Appeals. If the Court of Civil Appeals had held that there was "no evidence," a law question would have been presented, but it is otherwise when it has only held the evidence is insufficient. In the latter instance its judgment is final, and we have no power to disturb it.

We are not called upon to pass on the several assignments of error presented by the defendant in error in the Court of Civil Appeals, as requested by it, since if, when the Court of Civil Appeals indicates, in accordance with this opinion, the amount of excess contained in the judgment, the plaintiff in error does not file a remittitur within the time fixed by the Court of Civil Appeals, the case will by its order stand reversed and remanded for another trial on account of the excessive verdict. In such event the alleged errors now complained of may not arise on another trial. If the remittitur should be filed by the plaintiff in error, the judgment of the Court of Civil Appeals may be appealed from to this court by the defendant in error, by petition for writ of error, the judgment of the Court of Civil Appeals not becoming final until it takes action in compliance with the holding herein indicated. It will only be appropriate for this court to pass upon such questions as may be then presented in the petition for writ of error, should one be presented. We do not feel called upon to pass upon them at this time, as our action on such questions would not be final, and we would probably be again called upon to pass on the same questions.

It follows that the judgment of the Court of Civil Appeals, which reversed and remanded the cause to the trial court, should be reversed and remanded to the said Court of Civil Appeals for further action by it, in accordance with this opinion.

*Reversed and remanded to Court of Civil Appeals.*