WHITE v. STATE. (No. 4265.) (Court of Criminal Appeals of Texas. Nov. 1, 1916.) Appeal from District Court, Ellis County; F. L. Hawkins, Judge. G. W. White was convicted of pursuing the occupation of selling intoxicating liquor in prohibition territory, and he appeals. Affirmed. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of the offense of pursuing the occupation of selling intoxicating liquor in prohibition territory. The only question presented is that the evidence is insufficient to sustain the verdict. This contention cannot be sustained, and the judgment is affirmed.

WYCKOFF v. STATE. (No. 4207.) (Court of Criminal Appeals of Texas. Nov. 1, 1916.) Appeal from District Court, San Saba County; N. T. Stubbs, Judge. Paul Wyckoff was convicted of manslaughter, and appeals. Affirmed. C. C. McDonald, Asst. Atty. Gen., for the State.

DAVIDSON, J. Appellant was convicted of manslaughter; his punishment being assessed at three years' confinement in the penitentiary. The record is before us without a statement of facts or bills of exception. There is nothing presented that can be considered in the absence of the evidence, and the judgment, therefore, will be affirmed.

FREEMAN v. WILSON. (No. 4856.) (Court of Civil Appeals of Texas. San Antonio. Nov. 1, 1916. Rehearing denied Nov. 29, 1916.) Appeal from District Court, Bexar County; Edward Dwyer, Judge. Action by C. W. Wilson against T. J. Freeman, receiver. From an adverse judgment, defendant appealed. Affirmed on condition. John M. King, of Houston, and Hicks & Hicks, F. C. Davis, F. H. Booth and J. L. Camp, Jr., all of San Antonio, for appellant. J. D. Childs, of San Antonio, W. C. Campbell, of Palestine, and Jas. W. Brown, of San Antonio, for appellee.

MOURSUND, J. The judgment of the trial court in this cause was reversed by this court, and the cause remanded for a new trial. For opinion, see 149 S. W. 413. Appellee's application to the Supreme Court for writ of error was granted, and the judgment entered by this court was reversed and the cause remanded to this court for further proceedings in accordance with the opinion of the Supreme Court. For opinion, see Wilson v. Freeman, 185 S. W. 993. It was held that this court should indicate the amount of excess contained in the judgment and give appellee an opportunity to file a remittitur. Complying with the judgment of the Supreme Court, we have arrived at the conclusion that a remittitur of $8,000 should be required of appellee. The judgment of the court below will be reversed, and the cause remanded for a new trial, unless the appellee within 10 days from date hereof shall remit of the amount of the judgment the sum of $8,000, in which event the judgment of said court will be reformed, and affirmed for the sum of $12,386.05.

RUMLEY PRODUCTS CO. v. MOSS. (No. 5680.) (Court of Civil Appeals of Texas. Austin. Oct. 18, 1916.) Appeal from District Court, Hamilton County; J. H. Arnold, Judge. Suit by T. H. Moss against the Rumley Products Company. From a judgment for plaintiff, defendant appeals. Judgment affirmed. Burgess, Burgess, Chrestman & Brundidge, of Dallas, Eidson & Eidson, of Hamilton, and Sadler & Cobb, of Gatesville, for appellant. Langford & Chesley, of Hamilton, for appellee.

RICE, J. Appellee brought this suit against appellant to recover damages for the value of a crop of peas, alleged to have been sustained on account of appellant's shipping him a thresher without the necessary attachments thereto, purchased by him from appellant for threshing and preparing the peas for market; alleging that the object of said purchase was made known at the time thereof to appellant, claiming that it fraudulently represented that the thresher could be successfully operated for threshing peas, which representations proved to be untrue, whereby he sustained the loss alleged. The case was before us on a former appeal (see 175 S. W. 1084 et seq.), to which reference is made for a full statement of the pleadings and evidence, and was reversed on the sole ground that appellee failed to show the proper measure of damages, in that there was no pleading and proof as to the cost of preparing and transporting the crop to market; all other contentions being resolved in favor of appellee. As per agreement of counsel on the second trial, the case was submitted on the same pleadings and evidence as formerly, except as to the measure of damages, upon which issue the pleading was amended, and additional proof offered to supply the deficiency in this respect. A trial before the court without a jury resulted in a judgment in favor of appellee, from which this appeal is taken. It was further agreed that the case should be submitted on the old briefs, so that, for all purposes, this record presents the identical questions adjudicated by this court on the former appeal, in which we held against appellant on all the issues there raised, except the one of the measure of damages, as above indicated, which error we hold has been cured by the proof on this appeal. We therefore refer to and adopt the original opinion of the court in that case as the opinion in this, and affirm the judgment of the trial court, but decline to award 10 per cent. damages for delay, as requested by appellee. The judgment of the court below is in all things affirmed. Affirmed.