## TEXAS & N. O. RY. CO. v. STEVENS et al.
### (No. 1317—5414).

Commission of Appeals of Texas, Section A. Feb. 12, 1930.

Baker, Botts, Parker & Garwood, Arterbury & Coolidge, and Garrison & Watson, all of Houston, and Guinn & Guinn, of Rusk, for plaintiff in error.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for defendants in error.

CRITZ, J. In June, 1927, Henry Grady Stevens was killed while in the employ of the railway company and in the discharge of his duties. This suit was filed in the district court of Cherokee county, Texas, by Mrs. Ila B. Stevens, the widow, the mother of the deceased, and Frances Louise Stevens and Henry Grady Stevens, Jr., two minor children of the deceased, for resultant damages. The widow sued in her own right, as administratrix of the estate of deceased, and in her capacity as next friend of the two minors. Trial in the district court before a jury resulted in a special verdict, awarding damages in the total sum of $47,500, apportioned as follows: $15,000 to the surviving wife; $15,000 to the minor daughter, Frances Louise Stevens; and $17,500 to the minor son, Henry Grady Stevens, Jr. The mother of the deceased was awarded nothing.

On appeal by the railway company to the Court of Civil Appeals for the Sixth District at Texarkana, that court found the verdict and judgment excessive by $10,000, and suggested a remittitur of that amount as a condition of affirmance. The appellees entered the remittitur, and the judgment of the trial court was affirmed for $37,500. 15 S.W.(2d) 200. The case is in this court on writs of error granted on applications filed by both sides.

By proper assignments the railway company contends that the Court of Civil Appeals, having found the verdict excessive to the extent of $10,000, erred in not reversing and remanding the case for a new trial, and that the affirmance of the judgment for $37,500, after having found the verdict excessive by $10,000, violates the rights of the railway company, guaranteed to it by the Constitution of this state, to be tried before a jury, and to have the damages fixed by a jury.

If this was a question of first impression in this court, the issue would present a question of some difficulty, but we are of the opinion that the power and authority of the Court of Civil Appeals to pass on the question of excessiveness of a verdict and judgment, and to define the portion that is excessive, and affirm the judgment when the portion found to be excessive has been remitted on suggestion of that court, is no longer an open question in this state. Article 1862, R. C. S. of Texas 1925; T. & N. O. Ry. Co. v. Syfan, 91 Tex. 562, 44 S. W. 1064; Wilson v. Freeman, 108 Tex. 121, 185 S. W. 993, Ann. Cas. 1918D, 1203; Emberlin v. Ry. Co. (Tex. Com. App.) 284 S. W. 539; Arkansas Valley Land & Cattle Co. v. Mann, 130 U. S. 69, 9 S. Ct. 458, 32 L. Ed. 854. Further it is settled that, not only does the Court of Civil Appeals have the power and authority above defined, but under article 1862, supra, the duty is mandatory on the Court of Civil Appeals to

exercise its jurisdiction, define the excess, and suggest a remittitur to that extent as a condition of affirmance. Wilson v. Freeman, supra.

In the Syfan Case, supra, our Supreme Court granted the writ of error because, as shown by the opinion, the court doubted the authority of the Court of Civil Appeals in such a case to define the portion of the verdict held to be excessive and suggest a remittitur as a condition of affirmance. However, in the Syfan Case the Supreme Court, in a very exhaustive opinion by Justice Brown, reviewed at great length the authorities on this question, and finally upheld the constitutionality of the act, and the power and duty of the Court of Civil Appeals thereby conferred and imposed. The holding in the Syfan Case has never been overruled or modified by the Supreme Court, and we regard it as now the settled law of this state.

Furthermore, we think that, when the railway company invoked the jurisdiction of the Court of Civil Appeals to declare the verdict and judgment excessive, that court not only had the right and power, but it became its duty, to define the excess and suggest the remittitur, even though there was no direct prayer requesting the court to require the remittitur. When jurisdiction as to excessiveness was once invoked, the court had the inherent power to exercise such jurisdiction as provided by the statute.

The record before us shows that, after the remittitur suggested by the Court of Civil Appeals has been entered, the Court of Civil Appeals reapportioned the judgment among the three parties interested in practically, if not, the same proportion that it was originally awarded. The railway company contends by appropriate assignment that the Court of Civil Appeals erred in affirming the judgment for $37,500, after having found the verdict excessive by $10,000, for the reason that there were three parties plaintiff interested in such judgment, and there is no provision in the law for an apportionment of an award among the several plaintiffs, other than by the jury. In our opinion, this assignment is untenable. In the first place, the railway company is not interested in the matter of apportionment at all, and, even if the case ought to be sent back to have a jury apportion the judgment as finally affirmed by the Court of Civil Appeals, the only parties that could be concerned therein would be the three plaintiffs. Furthermore, the right and power conferred and imposed on the Court of Civil Appeals to define the excess and require a remittitur as a condition of affirmance by necessary implication implies the power to apportion the judgment as affirmed.

We have given due consideration to all assignments in both applications, and in our opinion the Court of Civil Appeals has correctly disposed of all the issues of this case. What we have said disposes of both applications.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.