## TUCKER v. ADKINS et al.
### No. 4550.

Court of Civil Appeals of Texas. Texarkana.

Oct. 18, 1934.

Rehearing Denied Oct. 25, 1934.

Lasseter, Simpson & Spruiell, of Tyler, for appellant.

J. W. Darden, of Tyler, for appellees.

LEVY, Justice (after stating the case as above).

The point urged by appellant is that the overwhelming weight of the testimony is against negligent failure of duty on his part. A guardian of the estate is especially required to manage the estate "as a prudent man would manage his own property." Article 4165, R. S. It is only where such guardian could with reasonable diligence have loaned or invested the surplus money at interest with safety, and negligently failed to do so, that he may be held liable for the highest legal rate of interest as a penalty. Article 4189, R. S. It appears in the present case that the guardian of the estate retained the

wards' money in his own hands and kept it untouched and locked in a safe and did not loan the same, although he might have loaned same with interest, secured by mortgage upon real estate or by collateral notes. The evidence offered revolves around and majors available real estate loans. It is adduced from the evidence on the part of the appellant that he held the money without loan or investment solely as a matter of safety and caution against loss or risk of loss of the principal or part of the principal because of the generally existing and unsettled economic conditions. It is evident from the testimony that the guardian did not hold the money as a matter of benefit to him personally or upon any other ground than in conformity with his belief of safety against loss or risk of loss. Judicial knowledge, it is concluded, may be taken of the general economic depression and stressed condition of the times existing during the two years in evidence, affecting general business conditions, the general decline in values of real estate and personal securities.

■■ The weakness in the general evidence going to show opportunities open to appellant as guardian to lend the money on real estate, and causing such evidence to lose some of its force, is the factual element of general stressed economic conditions and uncertainty of investments of all kinds. As was specially proven in the present case, the appellant in 1930 advised with the county judge "about what he thought of putting the money in land," and the county judge said: "With conditions like they are I wouldn't let you put any money in land, the only thing to do is to keep that money." Further proven, even the "Federal Land Bank quit loaning money up here, I believe, in 1930." The "insurance companies have withdrawn from loaning money in town here in the past three or four years, and are not now loaning any more." And "cautious people have been very wary about investing money in Tyler and in this vicinity in the last three or four years." All these circumstances reflect an exceptional situation than ordinarily obtains in normal times. May not the appellant, in not lending the money, be regarded as acting rather in careful consideration of the outcome of a loan or investment than in negligent failure of duty on his part? It is concluded, therefore, that a finding of negligent failure to loan the wards' money is, as a matter of pure fact, against the weight of the evidence. Upon the ground, and that ground alone, that

the weight of the evidence is against negligent failure to loan the funds, the judgment is reversed, and the cause remanded. The rule is well settled that the appellate court is bound by a jury verdict or finding of fact of the trial court upon conflicting evidence, and cannot disturb it upon the ground of insufficiency of evidence as a matter of pure law. It is, however, within the authority of the appellate court in their conclusion of fact to determine whether or not a finding or jury verdict is against the weight of the evidence, and for that reason not adopted. Choate v. Ry., 91 Tex. 406, 44 S. W. 69; Wilson v. Freeman, 108 Tex. 121, 185 S. W. 993, Ann. Cas. 1918D, 1203; Wisdom v. Ry., 231 S. W. 344; Turley v. Campbell, 241 S. W. 682.

The costs of this appeal and the district court, but not the costs of the county court, will be taxed against the appellee. The judgment is reversed, and the cause remanded.