## LIEBREICH v. TYLER STATE BANK & TRUST CO.

### No. 5014.

Court of Civil Appeals of Texas. Texarkana.

Dec. 9, 1936.

Rehearing Denied Dec. 17, 1936.

Butler, Price & Neill, of Tyler, for appellant.

Pollard & Lawrence and Shelburne H. Glover, all of Tyler, for appellee.

SELLERS, Justice.

Mrs. I. Liebreich, plaintiff in the trial court, brought this suit against Tyler State Bank & Trust Company to recover the sum of $1,050, which is alleged to be due her under a certain lease contract which she had with the defendant. The defense alleged is that the amount sued for by plaintiff is not due her for the reason that plaintiff and defendant for a valuable consideration had mutually agreed to a modification of the original lease contract whereby plaintiff agreed to reduce the rents for the remainder of the term of the lease contract. The case was tried before the court without a jury and resulted in a judgment for the defendant. From this judgment the plaintiff has duly prosecuted an appeal to this court.

The court made findings of fact and conclusions of law from which we quote:

"In August, 1931, plaintiff and defendant entered into a lease contract in writing, whereby plaintiff, owner of the property, leased to defendant for the purpose of its operating its bank therein, a certain business house in Tyler, Texas, for a period of Five years beginning September 1st, 1931, and ending August 31st, 1936, for the sum of $13,200.00 rental, payable $200 per month in advance each month for the first three years and $250.00 per month each in advance for the last two years, of said term. Said contract was agreed upon and signed by both parties in August, 1931, and the defendant Bank moved into said building and occupied the same under said contract, as a bank, until October, 1934.

"Defendant paid the rents, regularly, each month, as provided in said contract at $200 per month, until January 1st, 1934. Shortly prior to December 8th, 1933, defendant Bank, through its authorized President, J. D. Stringer, began to discuss with plaintiff the matter of reducing the amount of rent for said building, and discussed and urged with her the general depression that was on and new banking legislation, and under conditions and prospects as they existed, the amount of rent for the building should be reduced. After some discussions on two or three different occasions about that time, the parties, plaintiff and defendant, mutually agreed that the rents for the building should be reduced for the remainder of the lease term; and in conformity with such agreement and upon agreement as to how it should be evidenced, the plaintiff, Mrs. I. Liebreich (a feme sole) on December 8th, 1933, gave defendant her letter in writing evidencing such agreement, as follows:

" 'Beginning January 1st, 1934, and for the following thirty-two months, your rental for the store, to be used as a bank, will be Five Thousand Six Hundred Dollars ($5600.00) to be paid the first of each month in payments of One Hundred and Seventy-Five Dollars ($175.00), in advance. In event of receivership, the rental for the current year must be taken care of.

" 'Mrs. I. Liebreich.'

"There was no other agreement made, or consideration passed between the parties for the reduction of the rents.

"Beginning with January, 1934, and each month thereafter to and including the current month (May, 1935) the defendant has paid plaintiff, by placing to her credit in the bank subject to her checks, the sum of $175.00, in accordance with the terms of their agreement of December 8th, 1933.

"The agreement to reduce the rent, consummated by the letter of December 8th, 1933, was unconditionally made by plaintiff with the intention at the time for it to effectively change the original lease contract as to the amount of rent from January 1st, 1934, to the end of the lease term, both parties fully understanding it, and fully understanding that no other provisions of the original contract should be affected, except as stated in the letter of December 8, 1933."

The conclusions of law were:

"The mutual agreement of the parties to reduce the rents, because of a general business depression and financial conditions generally in the country which have arisen, or progressed beyond expectations at the time of the original contract, and, or, because of legislation recently enacted affecting the banking business, and based on those considerations being sufficient, as between the original parties, to support and bind such agreement. * * *

"It follows from the foregoing conclusions of the trial court that judgment should be rendered for defendant, without prejudice to any rights of plaintiff accruing hereafter under the terms of the lease contract as modified by the agreement of· December 8, 1933."

▆▆▆ That contracts of this character require a consideration for their modification is the uniform holding of the courts throughout the various jurisdictions. Torrey v. Adams,. 254 Mass. 22, 149 N.E. 618, 43 A.L.R. ·1451. It will be observed that the lease contract was executed in August, 1931, and the modification agreement was made in the latter part of 1933. On this last date the great economic depression was in all probability at its worst. Only a few months before this modification agreement was made, it became necessary because of the depressed banking conditions to close all the banks of this nation for several days. Therefore, it seems to us that the trial court's finding that the economic depression was a sufficient consideration for the modification agreement must be sustained. In 43 A.L.R. 1451 is found an exhaustive brief on consideration for the modification of the terms of existing rental contracts, and on page 1466 we find this general principle announced: "It will be recalled that there is a line of cases holding that, if, in· the course of performing a contract, unexpected obstacles are encountered or new conditions arise that the parties could neither have contemplated nor reasonably foreseen, making the performance more onerous or less advantageous than was anticipated, and requiring, equitably, at least, a readjustment of the contractual relations, a subsequent agreement of the parties, providing that he who

is called upon to meet the new difficulties or· obligations shall be correspondingly compensated by an increase of remuneration or a decrease of outlay, is to be deemed supported by a sufficient consideration. (Illustrative of such cases is the case of Commercial Car Line v. Anderson (1922) 224 Ill.App.· 187.) No cases have been found . directly within the scope of the annotation involving an application of this principle, but doubtless it would be applied in proper cases. In the Anderson Case (Ill.) supra, a contract of rental of tank cars, entered into at a time when prices were highly inflated, which extended into a period of industrial depression and monetary deflation, which was modified by the parties so as to reduce the rent of the cars, was decided under this principle. Upon the authority of this case, it is submitted that a reduction or increase in the amount of rent payable under a lease would likewise be subject to the operation of the same principle."

▆▆▆ But, it is insisted, the evidence does not support the trial court's finding that there existed an economic depression in 1933. If this is true, the situation is not altered, for this court will take judicial notice of the fact which supports the trial court's finding that it did exist. Levy Plumbing Co. v. Standard Mfg. Co. (Tex. Civ.App.) 68 S.W.(2d) 273; Beaumont Petroleum Syndicate v. Broussard (Tex.Civ. App.) 64 S.W.(2d) 993; Tucker. v. Adkins (Tex.Civ.App.) 76 S.W.(2d) 815. In the last case cited this court took judicial notice of the economic depression in disposing of the appeal from Smith county. The United States Supreme Court has taken judicial notice of the depression in the case of Atchison T. & S. F. R. Co. v. United States, 284 U.S. 248, 52 . S.Ct. 146,. 76 L.Ed. 273. And again the same court in the celebrated case of Home Bldg. & Loan Ass'n v. Blaisdell, 290 U.S. 398, 54 S.Ct. 231, 242, 78 L.Ed. 413, 88 A.L.R. 1481, held: "The finding of the Legislature and state court has support in the facts of which we take judicial notice." The finding referred to is the general depression.

In our opinion the trial court has entered the proper judgment in this case, and it is in all things affirmed.·