## PRIDDIE et al. v. GOUDCHAUX et al.

### No. 3228.

Court of Civil Appeals of Texas. Beaumont.

Jan. 12, 1938.

Rehearing Denied Jan. 19, 1938.

Geo. A. Weller and E. L. Nall, both of Beaumont, for appellants.

Jack M. Moore and John H. Benckenstein, both of Beaumont, for appellees.

WALKER, Chief Justice.

By contract in writing, effective the 1st day of August, 1925, the City National Bank of Beaumont leased to Julius J. Goudchaux for a term of ten years a certain two-story building in the city of Beaumont, on a monthly rental of $450; by the terms of the lease the bank was to keep the roof on the building in repair, and had the right to cancel the lease and re-enter in the event Goudchaux defaulted in his monthly payments. The first floor of the building was used by Goudchaux as a drug store; he rented the second floor to doctors, who gave him their prescription business. On the 24th day of March, 1932, he incorporated his drug business under the name of Service Drug Company of Beaumont, Inc., and after that date the monthly rental was paid by the corporation. On the 4th day of April, 1932, the City National Bank was merged with the American National Bank of Beaumont, but certain assets, including this lease, were not assigned to the American National Bank. W. L. Pondrom, one of the active vice presidents of the City National Bank, was appointed liquidating agent to handle these unassigned assets; as such agent he collected the rent from Service Drug Company. On the 1st day of May, 1935, on demand of Pondrom, Service Drug Company and Goudchaux surrendered possession of the leased premises. At that time the Service Drug Company and Goudchaux had paid the monthly rental of $450 up to April, 1932; subsequent to that date, to May 1, 1935, the corporation paid Mr. Pondrom $2,400 in rents. Mr. Pondrom resigned as liquidating agent, and W. A. Priddie, E., L. Boykin, and H. A. Perlstein were elected trustees by the stockholders of the City National Bank to wind up its affairs.

The three trustees, appellants herein, instituted this suit against Goudchaux and the Service Drug Company for $5,050, and 10 per cent. additional thereon as attorney's fees; they alleged the facts generally as stated above, and that after April 1, 1932, Mr. Pondrom "arbitrarily" reduced the rent to $350 per month, and that the amount sued for was the balance due by the defendants. The defendants, appellees, answered by general and special demurrers, and specially that, on or about the 1st day of April, 1932, the City National Bank canceled its lease with them on the ground that they had defaulted in the payment of their rent; that a new contract was made at that time between them and the City National Bank whereby they were to hold the property as

tenants at will, at such price as they were able to pay; that they remained in possession of the premises to May 1, 1935, at which time, on demand, they surrendered the premises, thereby terminating the contract. They further alleged that, at the time' they surrendered the premises, all accrued rents had been paid.

On the verdict of the jury, judgment was entered in favor of appellees.

Under the undisputed evidence, on or about the 1st day of April, 1932, the officers of the bank notified appellees that their lease had been canceled for failure to pay their rent promptly; it was also clearly established that Goudchaux, acting for himself and the Service Drug Company, accepted and acted upon this action by the officers of the bank, believing that the rent contract was canceled as of that date. It was also satisfactorily established that the officers of the bank and Goudchaux made a new rental contract whereby Goudchaux and the Service Drug Company became tenants at will, at such price as they were able to pay. The jury found that the bank, acting by and through its officers, intended "to disregard and abandon the written lease contract executed in 1925, and substitute therefor a verbal agreement that Julius J. Goudchaux should rent said premises, described in plaintiff's petition, from month to month, at such price as Julius J. Goudchaux was able to pay under said circumstances"; it was further found that the board of directors of the City National Bank "ratified the action of its officers in cancelling said lease" and "that W. L. Pondrom, Liquidating Agent, of the City National Bank of Beaumont, ratified the action of the officers in cancelling said lease."

■ Appellants assert, first, that the novation in the contract was without consideration. This contention is overruled. Under the original contract the bank was obligated to keep the roof on the leased premises in repair. Under the new contract it was released from this obligation, which was a sufficient consideration for the novation.

The testimony was also to the effect that Goudchaux and the Service Drug Company, from 1932 to the termination of the contract, were in bad financial condition, which fact was known to the bank, to its officers, and to Mr. Pondrom; this was during the great financial depression. On this issue, Mr. Pondrom testified: "Well, Mr. Goudchaux was in bad shape. He had to move from his location, get over there on Orleans Street and start out again. The Service Drug Store was in bad shape, financial shape." It was held in Liebreich v. Tyler State Bank & Trust Co., Tex.Civ.App., 100 S.W.2d 152, that the existence of a business depression is a sufficient consideration for the modification of a contract.

■ Appellants' second point is that the officers of the bank were without authority to cancel the old contract, and to substitute in its place the new contract plead by appellees; their contention is that only the bank's directors had the power to make this change in the contract. This proposition does not control the facts of this case. The bank received and appropriated a valuable consideration for the novation; it was relieved of the burden of repairing the roof, something it had tried to do and failed. Having taken advantage of the benefits of the contract, it cannot question the authority of its agents to make it. Also, the jury found that the board of directors ratified the new contract; the evidence sustains this finding. From the date the new contract was made to the time appellees surrendered possession, no one acting for the bank repudiated in any way the action of the officers in making the contract.

■ The evidence sustains the finding of the jury that Mr. Pondrom, as liquidating agent, ratified the new contract. As an active vice president of the City National Bank he knew of the financial condition of Goudchaux and of the Service Drug Company, and that they had asked for a reduction in their rent. He knew the bank was obligated to repair the roof, and that it had been relieved of that obligation. He collected the rent from appellees from April 1, 1932, to May 1, 1935, on the basis of the contract pleaded by them and found by the jury; during this time he did not claim against them the original rental of $450 per month, and neither he nor appellants have demanded rent of appellees on that basis. After he became liquidating agent, he made no offer to repair the roof, though this was one of the obligations of the contract; he knew that appellees lost their doctor tenants because of the condition of the roof. Though, under the written contract, appellees were in default in the payment of their rent, Mr. Pondrom, as liquidating agent, did not attempt to cancel the lease, and never complained of the default. He dealt with appellees as tenants at will, and as tenants at

will they surrendered possession to him on his demand on May 1, 1935. These facts and circumstances support the jury's verdict against Mr. Pondrom.

The issues are not subject to the exceptions that they were on the weight of the evidence duplicitous, etc. The court did not err in refusing appellants' requested special issues; they were sufficiently covered by the main charge.

The judgment of the lower court is in all things affirmed.

### On Rehearing.

In answer to appellants' request, we find that the corporate defendant pleaded only general demurrer, general denial, and the two and four year statutes of limitation. As the original rent contract was abrogated by mutual consent, the liability of the corporate defendant was limited to the obligations of the new contract; under the evidence the obligations of this contract were met by the defendants.

The motion for rehearing in all other respects is overruled.