## DALLAS RAILWAY & TERMINAL CO. v. FARNSWORTH.

### No. 14009.

Court of Civil Appeals of Texas. Dallas.

May 26, 1950.

Burford, Ryburn, Hincks & Ford and Howard Jensen, Dallas, for appellant.

White & Yarborough and W. E. Johnson, Dallas, for appellee.

YOUNG, Justice.

Above cause has been remanded to this Court for further examination of points of error with reference to excessiveness of verdict, the Supreme Court concluding that our overruling of these assignments may have resulted from a misinterpretation of Rule 440, Texas Civil Procedure. See Tex.Sup., 227 S.W.2d 1017, Supreme Court, for text of the Rule; also Tex.Civ.App., 221 S.W.2d 981 for relevant findings and conclusions by this Court. In our cited opinion, comment was made on largeness of jury verdict which, upon further review of the record, we are now constrained to regard as excessive. Several considerations have entered into this suggestion of remittitur,—aspects of the case which, if viewed singly, would not have been deemed controlling. The testimony of Dr. Buehler (family physician) relative to appellee's condition following the fall to pavement has heretofore been detailed, to which we may add that in his opinion her emotional instability may have been the result of a concussion. In contrast, his diagnosis on appellee's discharge

from the hospital, February 1947, was a possible muscular inflammation due to trauma. At the time of trial Dr. Buehler was prescribing nothing, last prescriptions being sedatives to relieve headache and calm nerves. The claimed injuries must be characterized as subjective, other highly experienced specialists (Drs. Knight, Shelton and Grollman), upon various examinations, finding no organic basis for her complaints; and bearing upon the damage issue of impaired earning power, was the fact of a substantial increase in salary following injury. Above matters, given due weight in connection with an estimate and appraisal of the damages shown by Mrs. Farnsworth, present, we think, a case for reduction of verdict by at least $4,000; in other words, the sum of $8,518 is reasonable compensation for the injury actually suffered. Wilson v. Freeman, 108 Tex. 121, 185 S.W. 993, Ann.Cas.1918D, 1203.

If appellee desires to file a remittitur of $4,000 on or before June 9, 1950, judgment of the trial court will be so reformed and affirmed, one-third of the costs of this Court being likewise taxed against appellee. Otherwise the judgment will be reversed and cause remanded for another trial.

BOND, Chief Justice (dissenting).

Referring to the record evidence, our original opinion, Tex.Civ.App., 221 S.W. 2d 981, of relevant facts and the conclusions here related, the reduced amount of the judgment to $8,518 with approximately two years interest added and two-thirds of the cost of this Court taxed against the appellant, is so excessive that I am unable to concur with the majority. In my opinion the judgment assessing damages to the amount of $12,518 was so manifestly erroneous that the cause should be reversed and remanded, with instruction to the trial court, in a new trial, to ascertain what damages, if any, the plaintiff actually sustained. The remittitur of $4,000 does not cure the error. A new trial is always pertinent to the ends of justice. I respectfully dissent.

Supplemental Opinion.

YOUNG, Justice.

Appellee having in due time filed remittitur as suggested in our opinion of May 26, 1950, the judgment of the court below is reformed so as to allow a total recovery of $8,518, and as reformed is affirmed.

Reformed and affirmed.