**Hollis PACE, Appellant,**

v.

**Robert L. HUEBNER, Appellee.**

No. 5553.

Court of Civil Appeals of Texas, Eastland.

Dec. 31, 1980.

Rehearing Denied Jan. 15, 1981.

Keith Woodley, Sudderth, Woodley & Dudley, Comanche, for appellant.

John Weeks, Robinson, Hanna, Moore & Holloway, Inc., Abilene, for appellee.

RALEIGH BROWN, Justice.

The threshold issue is whether the urged jury misconduct is before the court. Robert L. Huebner sued Hollis Pace to recover damages for injuries he received when Pace assaulted and beat him with brass knuckles. The jury returned a verdict in favor of Huebner, and judgment was rendered that he recover $25,125.00. Pace appeals. We affirm.

An unsigned copy of the judgment complained of was filed by the district clerk on October 1, 1979. Thereafter, Pace's motions for judgment non obstante veredicto and to disregard jury findings, filed on October 4, 1979, were overruled on November 28, 1979. On December 6, 1979, Pace filed his motion for new trial alleging jury misconduct. This motion was heard on January 10, 1980, and overruled on January 14, 1980. During the process of perfecting his

appeal, Pace discovered that the trial court's judgment had not been signed and had, therefore, not become final. Pace's motion to dismiss the appeal was granted.

The trial court's judgment was signed on May 13, 1980, and according to Tex.R.Civ.P. 306c, Pace's first motion for new trial is deemed filed on that date. On May 22, 1980, Pace filed an identical motion for new trial alleging jury misconduct. No new hearing was had and Pace did not include the record of his prior hearing in this motion.

Pace argues that his first motion for new trial, the hearing thereon and the order overruling same should be considered filed and occurring on May 13, 1980. Pace also argues that for jurisdictional purposes his May 22, 1980, motion for new trial should be considered an amended motion which was overruled by operation of law 45 days thereafter.

Tex.R.Civ.P. 306c provides:

No *motion* for new trial ... shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the rendition of the judgment the motion assails .... (Emphasis added)

The rule does not provide, nor is there any authority for the proposition that a prior hearing on the motion and the order overruling same can be deemed to have occurred as of the day the judgment was signed. Accordingly, Pace's premature motion can be deemed to be filed on May 13, 1980, and his motion of May 22, 1980, may be deemed an amended motion. However, Tex.R.Civ.P. 327 provides: "Where the ground of the motion is misconduct of the jury ... the court shall hear evidence thereof from the jury or others in open court ...."

As stated, Pace did not seek a hearing after May 13, nor did he include in his second motion the record of the January 10 hearing. Therefore, he waived his assertion of error based on jury misconduct. Tex.R. Civ.P. 327 and 329b(4).

The judgment of the trial court is affirmed.