Juan F. HERNANDEZ, et al. and Kevin Robert Smith, et al., Appellants,

v.

Phyllis BRADDOCK, et al., Appellees.

No. 2375cv.

Court of Appeals of Texas, Corpus Christi.

Aug. 26, 1982.

Supplemental Opinion on Filing of Remittitur Sept. 16, 1982.

Robert S. Harrell, Fulbright & Jaworski, Robert C. Floyd, Mark R. Zeidman, Butler, Binion, Rice, Cook & Knapp, Robert Bateman, Hicks, Hirsch, Glover & Robinson, W. Craig Muessig, Hudgins, Hudgins, Sturm & Warrick, Houston, for appellants.

James H. Brannon, P.C., Houston, for appellees.

Before BISSETT, UTTER and KENNEDY, JJ.

## OPINION

BISSETT, Justice.

This is an automobile collision case. Phyllis Braddock, Odester Castleman, and Lester Castleman, sued Juan Hernandez and Kevin Smith, and their employers, Gen-

eral Electric Co. and Reliable Batteries Co., respectively, for injuries received when the plaintiffs' automobile was struck by two trucks, one driven by Hernandez and the other by Smith. The accident occurred on February 7, 1977. The trial commenced on February 4, 1981. The case was tried to a jury which answered special issues favorably to the plaintiffs. The trial court rendered judgment awarding Phyllis Braddock $25,282.00, Odester Castleman $103,510.25, and Lester Castleman (the husband of Odester Castleman) $37,378.40.

The defendants first contend that the trial court erred in denying them an evidentiary hearing on their motion for new trial, and that the evidence is insufficient to support the amount of damages awarded the plaintiffs. The issue of liability is not challenged.

The judgment was signed on March 16, 1981. Prior thereto, on February 27, 1981, the defendants filed a motion for new trial based upon allegations of jury misconduct. Attached to the motion was the affidavit of one juror and the sworn statement of another.

On March 2, 1981, the trial court held a hearing on the defendants' motion for new trial. At the commencement of the hearing, the court made the following statement:

"THE COURT: Mr. Harrell, [defense counsel] I would like for you to put on the record whatever it is you feel like your position would be, and after which I will make my decision."

Thereafter, Mr. Harrell argued his motion and concluded with the following statement:

[Mr. Harrell] "Your Honor, that's all the argument I have. We would respectfully pray that new trial be granted on jury misconduct. If a new trial is not granted, we be granted a remittitur and those excessive damages be reduced."

After all parties argued their respective positions, the following transpired:

"THE COURT: Anything else?

Mr. Harrell?

MR. HARRELL [defense counsel]: (Shakes head)

THE COURT: Mr. Scheiness?

MR. SCHEINESS [defense counsel]: (Shakes head)

THE COURT: I will read the affidavits before I make my decision. Thank you."

On March 6, 1981, the defendants filed a motion requesting a "full" hearing on their motion for new trial. A hearing on this request was set for March 16, 1981.

On March 16, 1981, the hearing on the defendants' request commenced with the following statement:

MR. HARRELL [defense counsel]: "Your Honor, we are here today on our request for full evidentiary hearing whereby we can bring in the jurors in this case, put them on the stand and present testimony as to whether or not material misconduct occurred in this case."

After the plaintiffs' attorney presented his argument, the defense counsel stated:

[MR. HARRELL] "The way we read the law, we were not entitled to bring all those jurors down on the first hearing date that we had. The way we read the law we have to present affidavits first, then we have to get your okay and your approval before we bring the jurors down. That's why we didn't bring them down on the first hearing and that's why we set another hearing, so we could just find out what your feeling was on our Motion for New Trial and whether or not you were going to let us bring them down."

* * * * * *

"We didn't want to subpoena them down and not put them on that first day, if the Court wasn't going to let us put them on. THE COURT: As I recall, I gave both sides an opportunity on Motion for New Trial to present anything that they felt would bolster their case. I was prepared at that time to make my ruling. In the sense of fairness, I gave time for both sides to present any further testimony, or any further affidavits that they wished. That was my ruling at that time and I thought that was the way we left it.

Now as to that, if you have anything further, Mr. Harrell, or Mr. Scheiness and/or Mr. Bateman, Mr. Muessig, you may do so.

Do you have anything further you wish to present at this time? Before I make my ruling on Motion for New Trial?

MR. SCHEINESS: It's out (sic) opinion in the law, Judge, that you must have a hearing, whether this is considered a hearing or whether or not you have to have the jurors—

THE COURT: I had the hearing, Mr. Scheiness. This is just a continuation of that hearing that we had before.

Mr. Brannon, do you have anything further you wish to present at this time? I assume you don't have anything further you wish to present for the record at this time, Mr. Scheiness?

MR. SCHEINESS: No.

MR. HARRELL: Your Honor, just for the record we wish to present the live testimony of Mr. Turco and Mr. Anson and we have not subpoenaed them to come down today because that was not the purpose of our setting this hearing for today.

THE COURT: It may not have been your purpose, but as I pointed out, I had conducted the hearing on it the last time. So anything further you wish to present, you may do so at this time."

\* \* \* \* \* \*

"THE COURT: Thank you.

Your Motion for Request for an Evidentiary Hearing is denied.

Motion for New Trial and Remittitur is denied. Thank you."

As stated above, the judgment was signed on March 16, 1981. The defendants made no request for a hearing on their motion for a new trial after that date. On March 23, 1981, the court signed an order denying the defendants' request for an evidentiary hearing and an order denying the defendants' motion for new trial.

In their first point of error, the defendants contend that since the affidavit and sworn statement attached to their motion stated facts which, if true, constituted material jury misconduct, the trial court should have conducted an evidentiary hearing on their motion for new trial. We overrule this point for two reasons.

■ The first reason is based on waiver. The defendants filed their motion for new trial *before* the judgment was signed by the trial court. Where this is done, the motion is deemed to have been filed on the date the judgment is signed. Rule 306c, T.R.C.P. In such a case, however, the movant must request a hearing on his motion *after* the date the judgment was signed. *Pace v. Huebner,* 610 S.W.2d 561, 562 (Tex.Civ.App. —Eastland 1980, writ ref'd n.r.e.). Failure to do so constitutes a *waiver* of the claim of jury misconduct. Id. Since the defendants in this case failed to request a hearing *after* the date the judgment was signed, which is the date their motion for new trial is deemed to have been filed, they *waived* their claim for jury misconduct.

The second reason for overruling the defendants' first point is that the trial court, contrary to the defendants' allegation, held *two* hearings on their motion for new trial. The above quoted excerpts clearly show that the defendants had no intention of presenting testimony in support of their motion at either hearing. Although the defendants, at the second hearing, indicated an intention to offer evidence at a future date, it was their burden to present evidence *at that time,* and their failure to do so cannot be attributed to the trial court.

■ Rule 327 T.R.C.P., provides, in pertinent part, the following:

Rule 327. For Misconduct

Where the ground of the motion is misconduct of the jury ... the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved ... be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party."

The rule imposes a mandatory duty upon the trial court to hear evidence of jury misconduct if it is properly presented. *Roy Jones Lumber Co. v. Murphy,* 139 Tex. 478, 163 S.W.2d 644, 646 (1942).

■ To be entitled to a new trial because of jury misconduct, the movant has the burden of proving, at the hearing on his motion, that jury misconduct occurred, that it was material misconduct, and that, based on the record as a whole, the misconduct probably resulted in harm to the movant. *Flores v. Dosher,* 622 S.W.2d 573, 574 (Tex. 1981); *Strange v. Treasure City,* 608 S.W.2d 604, 606 (Tex.1980). The burden is on the movant to timely present his evidence. *Allison v. Gulf Liquid Fertilizer Co.,* 381 S.W.2d 684, 686 (Tex.Civ.App.—Fort Worth 1964, no writ).

■ In this case, the trial court never refused to permit the defendants to present evidence in support of their motion. Prior to concluding both hearings the court offered the defendants an opportunity to present evidence and on both occasions the offer was refused. We hold that the trial court by holding two hearings on the defendants' motion, did more than was required by Rule 327, T.R.C.P. and *Roy Jones Lumber Co. v. Murphy,* supra. The defendants' first point of error is overruled.

The defendants, in their remaining points of error, contend that the damages awarded the plaintiffs are excessive. The defendants request that we order a remittitur of the damages.

■ On appeal, the findings by the jury will not be disturbed on the ground of "excessiveness" if there is any probative evidence to sustain the award, unless the record shows that the minds of the jurors were so controlled by passion, prejudice or bias as made them unwilling to consider the case on its merits, to the end result that the award is so excessive that it shocks the conscience of the Appellate Court. *Dallas Ry. & Terminal Co. v. Farnsworth,* 148 Tex. 584, 227 S.W.2d 1017 (1950); *Wharf Cat, Inc. v. Cole,* 567 S.W.2d 228, 230 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.).

■ An appellate court (as well as a trial court), in deciding whether an award of damages is so excessive as to require a remittitur, is governed by the standard set forth in *Wilson v. Freeman,* 108 Tex. 121, 185 S.W. 993 (1916), and restated in *Flanigan v. Carswell,* 159 Tex. 598, 324 S.W.2d 835 (1959), as follows:

"All the Court of Civil Appeals can do, and all that is required of it to do . . . is to exercise its sound judicial judgment and discretion in the ascertainment of what amount would be reasonable compensation for the injury sustained, and treat the balance as excess . . . [Having] decided upon an amount that would be reasonable compensation . . . it should authorize a remittitur of the excess . . . in accordance with its sound judgment." Id. 324 S.W.2d at 840.

■ Phyllis Braddock was awarded $25,000.00 as compensation for her past and future physical pain and mental anguish. The evidence revealed that she suffered injuries to her head, back, left foot, and hands. She testified that at the time of trial, four years after the accident giving rise to this suit, she was still suffering regularly from backaches and headaches which she attributed to the accident. Her headaches frequently become so severe that she had to take medication, go to bed, and try to sleep in order to alleviate the pain. We hold that the evidence is factually sufficient to support the damages awarded Phyllis Braddock and that the amount awarded is not excessive.

■ Lester Castleman was awarded $35,000.00 as compensation for his past and future physical pain and mental anguish, lost earnings, and loss of earning capacity. As a result of the collision, he suffered multiple contusions and lacerations, a fractured clavicle, (collarbone) and fractures of the pelvis. He was hospitalized for twelve days. His injuries make it painful for him to engage in strenuous work. In view of the severity of his injuries, we hold that the damages awarded Lester Castleman are not excessive.

Odester Castleman was awarded $100,000.00 as compensation for her past and future physical pain and mental anguish. She suffered multiple skin abrasions, a fractured clavicle, a fractured pelvis, and a dislocation of the joints in her pelvis. She was hospitalized for approximately twelve days and wore a body cast for approximately four weeks. Her fractures have healed without complications. The last time she saw a doctor with respect to her injuries was in August, 1977. At the time of trial, she was suffering from an occasional "needle-like" pain in her back, "knots" in her arm, and had difficulty lifting objects and her children. She gave birth to a child on July 15, 1978. No difficulties attributable to the injuries were experienced by Mrs. Castleman in connection with childbirth. Her pelvic injury eliminated only one activity, horseback riding, which she had frequently engaged in prior to her injuries.

After reviewing the record in its entirety favorably to Mrs. Castleman, we are of the opinion that the award to her of $100,000.00, as damages for past and future physical pain and mental anguish, is so excessive as to warrant the conclusion that such award was the result of passion or prejudice or some other improper motive. Since we have found no reversible error in the record, it is our duty to suggest a remittitur and the time within which it may be filed. Rule 440, T.R.C.P.

We are of the opinion that the award of $100,000.00 as compensation for her past and future physical pain and mental anguish to Mrs. Castleman is excessive in the amount of $50,000.00. The defendants' third point of error is sustained.

It is accordingly ordered that a remittitur of $50,000.00 be filed in this Court by Odester Castleman within fifteen days from the announcement of this decision, whereupon this Court will reform the judgment of the trial court by the amount of the remittitur; otherwise the judgment of the trial court as to Odester Castleman will be reversed, and her cause of action will be severed and remanded for a new trial. The judgment

as to Phyllis Braddock and Lester Castleman is AFFIRMED.

## SUPPLEMENTAL OPINION ON THE FILING OF REMITTITUR

This Court has suggested that appellee Odester Castleman remit the sum of $50,000.00 out of the amount awarded to her as set forth in the original opinion. The appellee has filed a remittitur in the amount suggested by this Court.

Therefore, in accordance with the opinion of this Court heretofore announced, the judgment of the trial court is reformed to the extent of the amount hereby remitted by the appellee so that the amount of judgment in favor of Odester Castleman against the appellant is reduced to the sum of $53,510.25. Rule 439, T.R.C.P. Costs are taxed 75% to the appellant and 25% to the appellee Odester Castleman.

The judgment of the trial court as herein reformed is hereby AFFIRMED.