**FORD MOTOR COMPANY, Appellant,**

**v.**

**Ronnie POOL and Wife, Nita Ann Pool, Appellees.**

**No. 9315.**

Court of Appeals of Texas, Texarkana.

Oct. 21, 1986.

Rehearing Denied Oct. 21, 1986.

Richard Grainger, Grainger, Patterson, Howard & Colley, Tyler, for appellant.

Rex Houston, Wellborn, Houston, Adkison, Mann & Sadler, Henderson, for appellees.

## ON REMAND

CORNELIUS, Chief Justice.

The Supreme Court has remanded[1] this cause for us to consider, on a common law negligence basis, Ford's insufficient evidence points attacking the jury's findings relating to Pool's alleged excessive speed and intoxication, and its points contending that the damage awards are excessive.

Ronnie Pool suffered brain injuries when his Ford pickup truck ran off the road and into a tree. Pool's theory of liability was that the fastening of the right rear U-bolt on the rear suspension came off, causing the truck to go out of control. The jury found that Pool was not contributorily negligent and assigned no percentage of comparative causation to him. The contributory negligence issue was submitted in a checklist form. Two of the alleged negligent acts were driving while intoxicated and speeding. Ford attacked the factual sufficiency of the jury's answer to this special issue in arguing that such findings are against the great weight and preponderance of the evidence.

We do not find the jury's answer on excessive speed to be against the great weight and preponderance of the evidence.

Officer Waldy said that in his opinion Pool was traveling more than seventy miles per hour when he lost control of his truck and that such a speed was not reasonable at any place, but Pool's accident reconstruction expert testified that he believed

1. *Pool v. Ford Motor Company,* 715 S.W.2d 629 (1986).

Pool was traveling at sixty miles per hour at the time he lost control, and that such a speed was not unreasonable on an "open highway" in Texas. Whether the highway at the point of the accident was an open highway according to the expert's definition is uncertain, but we conclude that the jury could reasonably believe from this evidence that Pool was traveling at only sixty miles per hour and that such a speed, although in excess of the posted limits, was not unreasonable or excessive in the circumstances then existing.

■ We conclude, however, that the jury's failure to find Pool negligent by reason of driving while intoxicated was so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. *See Traylor v. Goulding,* 497 S.W.2d 944 (Tex.1973).

The following evidence supported Ford's position on this issue: While at the American Legion Hall from about 10:30 p.m. to about 11:30 p.m., Pool was seen to drink two or three beers. He was alone in his truck when the accident occurred, and at the scene there was found with him an open container partially filled with cold beer, together with several other beer cans in and near the truck. Pool did not have a beer with him when he left the American Legion Hall, a fact which indicates that he drank after leaving there. At the accident site, Officer Waldy smelled alcohol on Pool's breath and concluded that alcohol contributed to the wreck. Pool's blood alcohol content at approximately 2:15 a.m. was .119, and the doctor testified that if Pool had been conscious at that time he would have been intoxicated.[2] The highway where the accident occurred was a narrow, unlighted blacktop road with soft shoulders and timber on both sides. A defense expert witness, Mr. McDonald, testified that a person of Pool's size and weight would be intoxicated and have impairment of his skills and reactions if he had .119 alcohol in his blood, and that in his

opinion Pool was intoxicated. McDonald also testified that according to the standard rate of absorption a person whose blood alcohol content was .119 at 2:15 a.m. and who had not had anything to drink since 11:30 p.m. (Pool left the legion hall somewhere between 11:00 and 11:30, the accident happened at 12:15, and Pool was unconscious from the time of the accident until after the blood test) would have had a blood alcohol content of approximately .160 at 12:15, and that such a condition would constitute very gross intoxication. There was no objection to the evidence of the blood alcohol content or to the testimony of Mr. McDonald.

Pool's evidence on this issue was the following: The ambulance driver and wrecker driver did not smell alcohol on Pool's breath at the accident scene. It was undisputed, however, that Pool had in fact been drinking. An office receptionist testified she saw Pool at 4:30 p.m. in her office and he was not drinking then. His brother saw him just before dark and he was not drinking. Pool's wife said she spoke to him by telephone at 8:15 p.m. and she did not notice anything unusual about his speech and did not think that he had been drinking. Pool's brother and the manager of the legion hall testified they observed Pool intermittently from about 10:30 p.m. when he arrived until he left at about 11:30 p.m., and that he drank two or three beers but they saw nothing unusual about his actions and did not think he was intoxicated. There was testimony that Pool's signature when he signed in at the legion hall appeared to be normal, and that he left the legion hall, went down some steps, drove down a winding road to a traffic circle and through two red lights, some 2.5 miles to the accident site, apparently without incident.

There was no accounting for Pool's whereabouts and activities between 8:15 p.m. and 10:30 p.m. when he arrived at the legion hall, and from 11:30 p.m. when he

---

**2.** The doctor explained that Pool was unconscious when the test was taken, and that in technical medical terms a person had to be conscious in order to be classified as intoxicated.

left to 12:15 p.m. when the accident occurred.

Considering all the evidence, we conclude that a failure to find Pool negligent by reason of driving while intoxicated is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Not only does the evidence of intoxication overwhelmingly preponderate, but the other evidence even if accepted as true, does not contradict the evidence showing that Pool was intoxicated *at the time of the accident.*

Ford also argues that the damage awards are excessive. The jury awarded Pool $200,000.00 for past pain and mental anguish, $2,500,000.00 for future pain and mental anguish, $32,000.00 for past lost earnings, $1,250,000.00 for future lost earning capacity, $700,000.00 for past mental and physical impairment, and $250,000.00 for future mental and physical impairment. Mrs. Pool was awarded $500,000.00 for pretrial loss of consortium.

Pool suffered brain injury resulting in loss of brain tissue. He was unconscious for seven days after the accident. His medical evidence showed that he was unable to concentrate and understand things as he formerly did; he was now prone to irritability and violent outbursts; his speech is slurred and he is sometimes unable to make himself understood; he has a probability of experiencing epileptic seizures in the future; has a loss of emotional stability; and is employable in the future only in a sheltered type of employment where there is not excessive emotional stress and where the task is repetitive and does not require fine motor activity. Before the accident he was employed at Texas Eastman where he earned approximately $30,000.00 per year, plus various fringe benefits, and had a possibility of future raises.

We have concluded that there is insufficient evidence [3] to support the award of $2,500,000.00 for future pain and mental

anguish. There is no evidence in the record from Pool or others that he has experienced pain or that he will likely experience pain in the future as a result of his injury. The only evidence is that he gets confused and irritable and cannot concentrate as he once did. While it may be inferred that he has had some pain as a result of his concussion and fractures, there is insufficient evidence that he will experience future pain and mental anguish to the extent of $2,500,000.00. We therefore find that award to be excessive by $2,000,000.00. We also find the award for $700,000.00 for past mental and physical impairment supported by insufficient evidence and excessive by $500,000.00. As set by the jury, future mental and physical impairment for the rest of Pool's thirty-nine years of life expectancy was only $200,000.00. We cannot say the other damage awards are excessive. Although the award for lost future earning capacity was apparently not discounted for present value, it can be supported by considering the probable raises and fringe benefits Pool would likely receive in his remaining thirty-nine years, together with the effect of inflation on the award.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded for a new trial.

GRANT, J., not participating.

### ON MOTION FOR REHEARING

In his motion for rehearing Pool argues, among other things, that our disposition of this case was erroneous because driving while intoxicated was not an ultimate issue and could not have been a proximate cause of the accident. We disagree for the following reasons. First, the issue did not inquire merely if Pool was intoxicated; it asked if he was *negligent* in driving his pickup while intoxicated. Thus, the ultimate issue was negligence by reason of driving while intoxicated. Second, driving while intoxicated, as distinguished from in-

---

**3.** The standard for determining excessiveness of damages is factual insufficiency of the evidence

supporting such damages. *Pope v. Moore,* 711 S.W.2d 622 (Tex.Sup.Ct.1986).

toxication alone, can be an ultimate issue and can be a proximate cause of an accident. *Peveto v. Smith,* 134 Tex. 308, 133 S.W.2d 572 (1939); *Flanigan v. Texas & Pacific Railway Company,* 273 S.W.2d 110 (Tex.Civ.App.—El Paso 1954, writ ref'd n.r. e.); *Western Cotton Oil Co. v. Mayes,* 245 S.W.2d 280 (Tex.Civ.App.—Eastland 1951, no writ); *see also,* 1 State Bar of Texas, *Texas Pattern Jury Charges* PJC 5.31 (1969); 13 Dorsaneo, *Texas Litigation Guide* § 300.04(2) (1986). Third, Pool did not object to the form of the negligence issue or the submission of the proximate cause issue conditioned upon it.

The motion for rehearing is respectfully overruled.