

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00443-CV

---

ERNEST SHARD LEE                                                    APPELLANT

V.

JOSUE CARMONA                                                        APPELLEE

----------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 096-281338-15

----------

## DISSENTING MEMORANDUM OPINION[1]

----------

Respectfully, I dissent.

The undisputed evidence in this case is that Lee was legally stopped in a right-hand lane for an interval of 15–20 seconds before Carmona's vehicle slammed into Lee's vehicle from behind. And while it is true that the mere

[1]*See* Tex. R. App. P. 47.4.

occurrence of a rear-end collision does not constitute negligence as a matter of law and that Lee was required to present some evidence of Carmona's negligence to support a jury finding of negligence, evidence of Carmona's failure to apply his brakes sufficiently to avoid the collision alone will suffice. *See Wilkinson v. Lindsey*, 321 S.W.2d 158, 165 (Tex. Civ. App.—Amarillo 1959, no writ) (observing that the jury found three separate acts of negligence—failure to yield right-of-way, failure to keep a proper lookout, and failure to apply brakes to avoid the collision—and holding that any one of these acts "furnishes a sufficient basis for recovery" under a negligence theory).

But here there is more. Whether the jury believed Carmona's dubious claim that he actually kept his eyes on the road the entire time he was reaching to the floorboard to locate his glasses, Carmona admitted that in doing so, he was unnecessarily multi-tasking while driving. Carmona agreed that the glasses he was retrieving from the floorboard were not necessary for the operation of his vehicle. He also admitted that it would have been "more reasonable" to pull his vehicle off the roadway before performing this task.

And while the majority opinion correctly points out that "evidence exists that would support a finding that Carmona was negligent, evidence also exists that supports the jury's finding that he was not negligent," this is not the test to be applied. In any factual sufficiency review—whether challenging the insufficiency of the evidence to support a verdict or complaining that the verdict is against the great weight and preponderance of the evidence—some evidence will exist in the

2

record both in favor of and against the verdict returned. Otherwise, the challenge would be one of legal sufficiency—either no evidence to support the verdict or conclusive evidence against the verdict.

Rather, the test is whether the evidence of no negligence in this case is so against the great weight and preponderance of the evidence as to result in a clearly wrong or manifestly unjust jury finding. *Ford Motor Co. v. Pool*, 718 S.W.2d 910, 912–13 (Tex. App.—Texarkana 1986) (holding that evidence of Pool's intoxication—his blood alcohol level, the presence of one half-filled and several empty beer bottles in Pool's vehicle, and the police officer's testimony that he smelled alcohol on Pool's breath—rendered the jury's finding of no negligence by driving while intoxicated so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust despite numerous witnesses who testified that Pool did not appear to be intoxicated and testimony from ambulance and wrecker drivers that they did not smell alcohol on his breath), *judgm't vacated w.r.m.*, 749 S.W.2d 489 (Tex. 1988).

Even giving proper deference to the jury's role in weighing the evidence, a a finding of no negligence in circumstances such as these—where a driver hits a vehicle that has been stationary for 15–20 seconds from behind while reaching down to his floorboard to retrieve an object for which the driver admits he had no pressing need—is manifestly wrong. To uphold such a finding places in peril every driver lawfully stopped on the roadway, who may now expect to be hit from behind with impunity by a driver who is simultaneously reaching for a dropped

3

cell phone, granola bar, bottled water cap, or any other object that the driver has no need to immediately possess but nevertheless desires to retrieve.

Whether Carmona's negligence proximately caused Lee to incur $20,000 in past medical bills, $20,000 in future medical bills, pain and mental anguish, or any of the other damages he sought remains a good question. But neither courts nor juries are permitted to cut corners to achieve what we might ultimately believe would be a correct result. On this record, I would hold that the jury's finding of no negligence is not supported in the evidence and is manifestly wrong and unjust, and I would reverse and remand for a new trial.

For these reasons, I respectfully dissent.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
CHIEF JUSTICE

DELIVERED: March 8, 2018

4