William H. (Bill) POPE, Individually and d/b/a Flying-P Ranch and Cycle Park, Petitioner,

v.

Ronnie Franklin MOORE et ux., Respondents.

No. C–4679.

Supreme Court of Texas.

June 11, 1986.

Rehearing Denied July 16, 1986.

Harold D. Hammett, Fort Worth, for petitioner.

Thomas V. Murto, III, R. Jack Ayres, Jr., P.C., Dallas, for respondents.

PER CURIAM.

The question is whether the court of appeals applied the proper remittitur standard. The court of appeals remitted $50,-000 in damages in a personal injury suit, although the court found the evidence for these damages legally and factually sufficient. Because we believe the court of appeals applied an improper remittitur standard, we modify its judgment.

On February 28, 1982, Ronnie Moore rode in a motorcycle race at the Flying-P Ranch and Cycle Park in Parker County, Texas. While riding, he fell off his motorcycle, collided head first with a railroad tie,

and broke his neck. Moore and his wife, Sandra, filed suit against Pope, individually and d/b/a Flying-P Ranch and Cycle Park; Dallas Emergency Corps. d/b/a Lifecare Ambulance Service; and Cross-Country of Texas, Inc. The Moores alleged that the defendants were negligent in failing to properly design the racetrack, in failing to advise of known dangers at the racetrack (the railroad tie), and in failing to properly ensure that the racetrack was safe for its intended purposes. Pope was served but did not answer.

The trial court rendered a no-answer default judgment against Pope, and after hearing evidence on damages, awarded the Moores $289,000. The trial court then severed the Moores' claims against the other defendants. In an unpublished opinion, the court of appeals affirmed the judgment, but remitted $17,000 in past medical expenses and $50,000 in future damages, including future medical expenses, lost wages, pain and suffering, and loss of consortium.

■ The Moores contest the court of appeals' standard in remitting $50,000 in future damages, including medical expenses, lost wages, pain and suffering, and loss of consortium. In remitting these damages, the court of appeals reviewed all the evidence on damages and then stated:

> [W]e hold the evidence was legally and factually sufficient to support awards for [future medical expenses], future lost wages, and future pain and suffering suffered by Ronnie and for the $10,000 awarded to Sandra for future loss of consortium. Nevertheless, in light of the entire record, we find and hold that the awards for future damages, which would include medical expenses, lost wages, pain and suffering and loss of consortium were excessive in the amount of $50,000.

The Moores contend that the proper remittitur standard is factual sufficiency, and therefore, the court of appeals could not order a remittitur after finding the evi-

dence for their damages factually sufficient. We agree.

Tex.R.Civ.P. 440 states:

> In civil cases appealed to a Court of Appeals, if such court is of the opinion that *the verdict and judgment of the trial court is excessive and that said cause should be reversed for that reason only,* then said appellate court shall indicate to such party, or his attorney, within what time he may file a remittitur of such excess. If such remittitur is so filed, then the court shall reform and affirm such judgment in accordance therewith; if not filed as indicated then the judgment shall be reversed. (emphasis added)

■ We have jurisdiction because determining the proper remittitur standard is a question of law. *Flanigan v. Carswell,* 159 Tex. 598, 324 S.W.2d 835, 839 (1959). The often cited remittitur standard is set forth in *Wilson v. Freeman* :

> All the Court of Civil Appeals can do, and all that is required of it to do, by said statute, is to exercise its sound judicial judgment and discretion in ascertaining what amount would be reasonable compensation for the injury sustained, and treat the balance as excess. The court must first determine what amount would be reasonable, before it can determine what amount would be unreasonable.... [I]t should authorize a remittitur of the excess above the amount which would be reasonable compensation for the injury, in accordance with its sound judgment.

185 S.W. 993, 994 (Tex.1916), paraphrased in *Flanigan v. Carswell,* 324 S.W.2d at 850. The court of appeals interpreted *Wilson* to mean that a court must decide, on its own and outside the record, upon a reasonable amount of damages, then remit the excess regardless of the factual or legal sufficiency of the evidence. Courts of appeals do not use this approach in determining any other fact question. E. Smith, *Texas Remittitur Practice,* 14 Sw.L.J. 150, 156 (1960); *Compare In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 662 (1951).

*Wilson* indicates that the proper remittitur standard is factual sufficiency: "[t]he question of the excessiveness of a verdict in this character of a suit is *purely a question of fact,* upon which the judgment of the Court of Civil Appeals is final." 185 S.W. at 994 (emphasis added). *See also Dallas Ry. & Terminal Co. v. Farnsworth,* 148 Tex. 584, 227 S.W.2d 1017, 1022 (1950). Moreover, in *Wilson* we construed the court of appeals' opinion as finding the evidence factually insufficient to support the jury's award, holding therefore, that it was mandatory for the court of appeals to determine the amount of excess. *Wilson v. Freeman,* 185 S.W. 993, 994.

■ Factual sufficiency is the sole remittitur standard for actual damages. We disapprove of other remittitur standards, such as applied here by the court of appeals or in *Armellini Express Lines of Florida, Inc. v. Ansley,* 605 S.W.2d 297, 310 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). In determining whether damages are excessive, trial courts and courts of appeals should employ the same test as for any factual insufficiency question.[1]

■ Lower courts should examine all the evidence in the record to determine whether sufficient evidence supports the damage award, remitting only if some portion is so factually insufficient or so against the great weight and preponderance of the evidence as to be manifestly unjust. Courts of appeals also should detail the relevant evidence, and if remitting, state clearly why the jury's finding is so factually insufficient or so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.* (Tex.1986). Lower courts need not find passion, prejudice, or other improper motive on the jury's part to order a remittitur. *Flanigan v. Carswell,* 324 S.W.2d at 841; *Dallas Ry. & Terminal Co. v. Farnsworth,* 227 S.W.2d at 1022.

1. Trial courts and courts of appeal are governed by the same remittitur standard. *Flanigan v.*

Since the proper remittitur standard is factual sufficiency, it was improper for the court of appeals to order a remittitur after finding factual sufficiency. The court of appeals' holding is contrary to *Wilson v. Freeman*; therefore, pursuant to Tex.R. Civ.P. 483, we grant Moore's application for writ of error and without hearing oral argument, reform the court of appeals' judgment and reinstate $50,000 plus prejudgment interest. Because the court of appeals has already found factual sufficiency, we render judgment rather than remand the cause. We refuse Pope's application for writ of error with the notation, "no reversible error."

*Carswell,* 159 Tex. 598, 324 S.W.2d 835, 840 (1959).