**FORT WORTH CAB & BAGGAGE COMPANY, INC., d/b/a Yellow-Checker Cab, Appellant,**

v.

**Maria Luisa SALINAS, Individually and as Next Friend and Natural Mother of her Minor Children, Virginia Salinas and Claudia Salinas, Minors, Appellees.**

**No. 2–85–101–CV.**

Court of Appeals of Texas, Fort Worth.

July 29, 1987.

Rehearing Denied Sept. 9, 1987.

Strasburger & Price, and Royal H. Brin, Jr., Dallas, for appellant.

Pena, McDonald, Prestia & Ibanez, and Joe Prestia, Edinburg, Hooper & Evans, and David L. Evans, Fort Worth, Spivey, Grigg, Kelly & Knisely, and Broadus A. Spivey, Dicky Grigg, Paul E. Knisely, Austin, for appellees.

Before FENDER, C.J., and HILL and FARRIS, JJ.

## OPINION

FARRIS, Justice.

This case is before us on remand from the Supreme Court which affirmed in part and reversed and remanded in part our previous judgment herein. The sole issue remaining for our consideration is appellant's point of error eight complaining that the actual and exemplary damages awarded appellees are excessive.

We affirm the judgment of the trial court.

The facts of appellees' cause of action and the outcome of the trial are detailed in the Supreme Court opinion, *Salinas v. Fort Worth Cab & Baggage Co.*, 725 S.W.2d 701 (Tex.1987). Ten witnesses were called to testify by appellees, one of whom testified by deposition and one of whom, appellant's general manager, was adverse to appellees. No witnesses were called by appellant. The trial judge's charge to the jury included three damage issues. Special Issue No. 3 inquired of damages incurred by appellee Maria Salinas. Special Issue No. 4 inquired of damages incurred by the Salinas children, Virginia and Claudia. Special Issue No. 6 inquired of exemplary damages to be awarded each of the three appellees. Special Issues Nos. 3 and 4, together with the jury's answers to those issues, are footnoted as a part of the Supreme Court opinion in this case. *Id.* at 703. The trial court remitted $300,000.00 of the damages awarded to Claudia Salinas by the jury in response to Special Issue No. 4.

Appellee Maria Salinas was forcibly raped and sodomized. The crime occurred while Mrs. Salinas and her daughters were

passengers in a cab owned by appellant. The crime was committed by Robert Leon Jenkins, the driver of appellant's cab, who at gunpoint threatened the life of Mrs. Salinas' daughters and forced Mrs. Salinas to disrobe and submit. Jenkins had been an operator of appellant's taxicab for approximately one month prior to the offense. At the time Jenkins was engaged by appellant he was under indictment for attempted murder. The indictment alleged that he had assaulted a woman with a hammer. Jenkins' criminal record included a conviction of forgery in 1964, a conviction of robbery in 1967, a conviction of theft in 1968, a conviction of theft by check in 1970, and a conviction of robbery in 1971.

In determining whether damages are excessive we are to employ the same test as for any factual insufficiency question. *Pope v. Moore,* 711 S.W.2d 622, 624 (Tex. 1986). An assertion that the evidence is "insufficient" to support a finding of fact can mean that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the finding should be set aside and a new trial ordered. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). We are required to consider all of the evidence in the case in making this determination. *See id.*

▆▆▆▆ Appellant challenges the sufficiency of the evidence to sustain the finding of any of the elements of Special Issue No. 3 inquiring of actual damages suffered by Maria Salinas. In challenging the sufficiency of evidence to support a finding of physical pain, appellant states:

> The occurrence in question may well have been highly offensive, unpleasant, and objectionable to Maria, but there is no evidence of any physical injuries suffered by her nor of physical pain.

As we previously noted, Maria Salinas was, at gunpoint, forcibly raped and sodomized. We find the very occurrence establishes the element of physical pain, as well as mental anguish and emotional distress, shame, embarrassment, and humiliation which were submitted to the jury. We further find that the evidence is uncontradicted that appellee Maria Salinas suffered each of the other elements of damage submitted in Special Issue No. 3, including the impairment of Maria Salinas' relationship with her children and her relationship with her husband. Several of the witnesses testified with regard to the various elements of damages submitted in Special Issue No. 3, but perhaps most persuasive was the testimony of Dr. Brown, a psychologist and specialist in treating victims of sexual assaults. Dr. Brown testified about the continued impact of the occurrence upon Maria Salinas, describing the perimeters of the culture in which she was raised and had lived, her feeling of loss of worthiness resulting from the act of oral sex in which she was forced to engage, the disruption of her relationship with her husband and children resulting from her loss of self-esteem, and her husband's inability to deal with the violation of his wife and in particular, the act of sodomy. The testimony of each of the other witnesses addressing the issue of damages support the testimony of Dr. Brown and the jury's finding in response to Special Issue No. 3. Particularly damaging to the appellant was the testimony of the Assistant District Attorney, who prosecuted Jenkins and who related to the jury the effect upon the victim's husband when she was compelled for the first time to relate, in his presence, the act of sodomy to which she was forced to submit. The evidence was that as a consequence of that act, the marital relationship between Mr. and Mrs. Salinas ended as a practical matter. Dr. Brown, in his testimony, described Mrs. Salinas as suffering severe post traumatic stress disorder, including frequent sleep disturbance, nightmares, depression, and obsessive rumination about the rape incident and of her regressive behavior symptomatic of this disorder.

▆▆▆▆ Similarly, the testimony of Dr. Brown and the other witnesses sustains the jury's finding in response to Special Issue No. 4, inquiring of actual damages suffered by the children, Virginia and Claudia Salinas. As previously noted, the trial court ordered a remittitur of $300,000.00 of the actual damages awarded Claudia. Dr. Brown testified of the injury to the children resulting from their mother's inability to

deal with her involvement in the occurrence together with the more direct injury to the children, resulting from the personal involvement of each child as a result of her being present and a witness to her mother's assault. Without detailing this testimony, we note that it is uncontradicted and is supported by the testimony of the maternal grandmother.

■ We likewise find that the uncontroverted description of appellant's lack of concern with the discoverable criminal background of Jenkins and the resulting occurrence are sufficient evidence to sustain the jury's award of exemplary damages. We reject appellant's argument that the exemplary damages awarded the appellee, Claudia Salinas, should be reduced in proportion to the remittitur of actual damages ordered by the trial court noting that the proper factors in reviewing a claim for exemplary damages preclude such an approach. *See Alamo Nat. Bank v. Kraus,* 616 S.W.2d 908, 910 (Tex.1981).

■ The factors that we are to consider in determining whether the award of exemplary damages is reasonable, are (1) the nature of the wrong; (2) the character of the conduct involved; (3) the degree of culpability of the wrongdoer; (4) the situation and sensibilities of the party concerned; and (5) the extent to which such conduct offends a public sense of justice and propriety. *See Tatum v. Preston Carter Co.,* 702 S.W.2d 186, 188 (Tex.1986); *Alamo Nat. Bank,* 616 S.W.2d at 910.

Testifying for the appellees was Thomas Loveless, Director of Transportation for the Public Service Commission of Maryland, an agency responsible for licensing of taxicab drivers in that state. Loveless testified about the importance of checking a driver's criminal record, and testified that appellant showed a reckless disregard for the rights and safety of the general public in engaging Jenkins without first determining whether he had a criminal record. Through its direct examination of its general manager and the cross-examination of appellees' other witnesses, appellant attempted to establish a right to rely upon the issuance of a taxi permit to the driver.

We note that the police officer testified that he did not recall issuing the permit to Jenkins, but it was his practice to issue permits regardless of any felony record and then advise a cab company of any felony record of an applicant. Loveless testified that employing a driver with Jenkins' criminal record would not meet the minimum safety standards which the general public was entitled to expect from cab companies.

The jurors were charged that they were the sole judges of the credibility of the witnesses and the weight to be given their testimony. From a review of all the evidence in the case, we are unable to find that the evidence supporting the jury's verdict is so weak or the evidence contrary to that verdict is so overwhelming as to require that we set that verdict aside and order a remittitur. *See Pope,* 711 S.W.2d at 622; *Garza,* 395 S.W.2d at 823.

We therefore affirm the judgment of the trial court.