**Joe Ed BUNTON, Appellant,**

v.

**Bascom W. BENTLEY, III, Appellee.**

No. 12–97–00376–CV.

Court of Appeals of Texas,
Tyler.

Aug. 7, 2003.

Rehearing Overruled Sept. 5, 2003.

acter and reputation, $7,000,000.00 in past mental anguish, and $1,000,000.00 in exemplary damages. Against Gates, the jury assessed $95,000.00 in actual damages and $50,000.00 in exemplary damages. On original submission, we affirmed the judgment against Bunton but rendered a take-nothing judgment in favor of Gates. *Bunton v. Bentley,* 12–97–00376–CV, 176 S.W.3d 1, 1999 WL 967686, 1999 Tex.App. LEXIS 7947 (Tyler October 22, 1999). Upon review, a divided supreme court agreed that the trial court judgment against Gates cannot stand. The supreme court determined that the evidence that Bunton acted with actual malice in defaming Bentley is clear and convincing. That court stated, as a matter of law, Bentley is entitled to recover actual damages for injury to his reputation and for mental anguish. It remanded the case to this court to reconsider the excessiveness of the jury's award of mental anguish damages, a complaint found in Bunton's fourth issue. *Bentley v. Bunton,* 94 S.W.3d 561 (Tex. 2002).

### APPLICABLE LAW

We review the sufficiency of the evidence supporting an award of damages by the same standards as any factual question. *Pope v. Moore,* 711 S.W.2d 622, 624 (Tex.1986). The duty of this Court is to examine all the evidence and determine if the value found by the jury is so against the evidence, or unsupported by evidence, so as to be manifestly unjust. *Id.* The amount to be awarded as damages in a slander case rests largely in the discretion of the jury. *Wal–Mart Stores, Inc. v. Odem,* 929 S.W.2d 513, 527 (Tex.App.-San Antonio 1996, writ denied) (op. on reh'g). When the slander is about the professional dealings of the plaintiff, and thus is slander *per se,* no independent proof of damage to the plaintiff's reputation or of men-

Ronald Dee Wren and Armando De Diego, for appellant.

Mike Hatchell, Tyler, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J. and DeVASTO, D.

### OPINION ON REMAND

JAMES T. WORTHEN, Chief Justice.

Bascom Bentley, III, a district judge in Anderson and Cherokee Counties, sued Joe Ed Bunton and Jackie Gates for defamation. The jury found in favor of Bentley. Against Bunton, the jury assessed $150,000.00 in damages to Bentley's char-

tal anguish is required, as the slander itself gives rise to a presumption of these damages. *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 374 (Tex.1984) (op. on reh'g). The damages resulting from slander are purely personal and cannot be measured by any fixed standard or rule. *Town of South Padre Island v. Jacobs*, 736 S.W.2d 134, 142 (Tex.App.-Corpus Christi 1986, writ denied). However, a jury may not ignore undisputed facts and arbitrarily fix an amount of damages which is neither fair nor just. *Vanderlinden v. United Servs. Auto. Ass'n Property & Cas. Ins. Co.*, 885 S.W.2d 239, 242 (Tex.App.-Texarkana 1994, writ denied). There must be some evidence to justify the amount awarded. *Saenz v. Fidelity & Guaranty Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex.1996). There must be evidence that the amount found is fair and reasonable compensation. *Id.*

### EVIDENCE

Bentley explained how Bunton's actions hurt and disrupted his life and family. During the time period Bunton aired his public attacks against Bentley, there was a cloud over Bentley's home. He was unable to tend to his family obligations because he was sulking and worrying. He testified that Bunton's actions affected his family's ability to enjoy each other. However, he also agreed that there had been no disruption in his ability to perform as a judge, teach at a community college, or participate in community organizations and social activities. Bentley also testified that he incurred no medical, psychiatric, psychological, therapeutic, or counseling expenses as a result of Bunton's slander.

Carol Bentley, Judge Bentley's wife, described the situation created by the defendants' slander as stressful and a "tragedy." She testified that it had ruined her husband's life and her children's lives. She explained that other kids laughed and joked about it to their children. She stated that her husband did not sleep. She testified that Bunton's slander took away Bentley's honor and integrity. She said his life will never be the same. One friend of Bentley's, Elton Bomer, testified that this case has made Bentley downcast, sad, and depressed. Another friend, Cliff Johnson, stated that the slander had a severe effect on Bentley and his family.

### DISCUSSION

■ Because this is a case of slander *per se*, we begin with a presumption of actual damages. *See Leyendecker & Assocs., Inc.*, 683 S.W.2d at 374. However, the jury's award must find support in the evidence. *See Pope*, 711 S.W.2d at 624. While we are aware that the determination of damages lies within the jury's discretion, this record shows the jury's damage award is arbitrary, contrary to reason, and excessive. Although Carol Bentley testified that this episode has "ruined" her husband's life, Bentley himself testified there had been no disruption in his ability to perform as a judge, to teach, or to participate in community organizations and social activities. He has not been asked to step down from the bench. He did not lose his teaching job and neither his professional colleagues nor his personal friends have ceased to associate with him as a result of Bunton's slander. This evidence rebuts, at least in part, the presumption of injury to his reputation. *See Swate v. Schiffers*, 975 S.W.2d 70, 74 (Tex. App.-San Antonio 1998, writ denied).

The record shows that, primarily, Bentley's home life, rather than his professional life, was injuriously affected. The evidence shows some mental suffering. Although Bentley sulked and worried, was upset because his children were embarrassed, and was even sad and depressed,

his mental suffering never rose to a level requiring the attention of a professional to help him cope with it. There is no evidence that Bentley suffered an economic loss tied to his mental anguish. We acknowledge that Bunton's actions created a very unpleasant time for Bentley and his family. However, the jury did not accurately assess Bentley's actual damages in this case. An award of $7,000,000.00 in mental anguish damages is unsupported by the evidence and is so large as to be contrary to reason. We sustain Bunton's fourth issue to the extent he complains of the excessiveness of mental anguish damages.[1]

### CONCLUSION

■ We may suggest a remittitur, in lieu of ordering a new trial, if we find the verdict to be excessive. *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors*, 960 S.W.2d 41, 51 (Tex.1998). We need not find passion, prejudice, or other improper motive on the jury's part. *Pope*, 711 S.W.2d at 624. If we determine that the award is excessive, we then must exercise our sound judicial judgment and discretion to determine what reasonable compensation should be. *Id.* at 623. We conclude that the amount of mental anguish damages awarded to Bentley is excessive in the amount of $6,850,000.00. We suggest Bentley remit that amount within fifteen days. *See* TEX.R.APP. P. 46.3; 46.5.

If within fifteen days after this court's opinion, Bentley files in this court a remittitur of $6,850,000.00 of the mental anguish damages awarded in the trial court's judgment, then the trial court's judgment will be reformed and affirmed as to $150,000.00 in mental anguish damages. If the suggested *remittitur* is not timely filed, the part of the trial court's judgment applicable to Bunton will be *reversed* and the cause *remanded* to the trial court for new trial. *See* TEX.R.APP. P. 46.3.

---

1. Based upon the record before us, we are unable to reassess exemplary damages. *See Bentley*, 94 S.W.3d at 607. As we pointed out in our original opinion, Bunton did not complain on appeal of the award of exemplary damages. *Bunton*, 176 S.W.3d at 11, 1999 WL 967686, 1999 Tex.App. LEXIS 7947 at *36. Therefore, we shall not address the sufficiency of the evidence to support the award. *See Garcia v. Robinson*, 817 S.W.2d 59, 60 (Tex.1991) (Court of appeals should not reach issue not raised in the trial court or briefed on appeal.). Additionally, we note that the ratio between the actual damage award, after remittitur, and the award for exemplary damages falls within the parameters set by the United States Supreme Court. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424, 123 S.Ct. 1513, 1524, 155 L.Ed.2d 585 (2003) (Holding that few awards exceeding a single-digit ratio between punitive and compensatory damages will satisfy due process.).