**Joe Ed BUNTON, Appellant,**

v.

**Bascom BENTLEY, III, Appellee.**

No. 12–97–00376–CV.

Court of Appeals of Texas,
Tyler.

March 23, 2005.

Rehearing Overruled April 18, 2005.

Ronald Dee Wren, Armando De Diego, for appellant.

Mike Hatchell, Tyler, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION ON REMAND

JAMES T. WORTHEN, Chief Justice.

A jury found Joe Ed Bunton guilty of defamation against Judge Bascom Bentley, III for acts committed during a time period beginning almost ten years ago. On original submission in this court, we affirmed the judgment against Bunton. *Bunton v. Bentley,* 12–97–00376–CV, 176

S.W.3d 1, 1999 WL 967686, 1999 Tex.App. LEXIS 7947 (Tyler October 22, 1999). After review, a divided supreme court remanded the case to this court to reconsider the excessiveness of the jury's award of mental anguish damages. *Bentley v. Bunton,* 94 S.W.3d 561 (Tex.2002). Upon remand to this court, we found that the amount of mental anguish damages awarded to Bentley was excessive and suggested a remittitur in the amount of $6,850,000.00. *Bunton v. Bentley,* 12–97–00376–CV, —— S.W.3d ——, 2003 WL 21831533, 2003 Tex. App. LEXIS 6835 (Tyler August 7, 2003). Bentley timely filed the remittitur. The supreme court again reviewed the case. It ruled that Bunton is entitled to raise a claim that the punitive damages are unconstitutionally excessive in light of the reduction of the compensatory damage award and remanded the case back to us for our review of the exemplary damage award. *Bunton v. Bentley,* 153 S.W.3d 50 (Tex. 2004). We affirm the trial court's judgment.

## BACKGROUND

The jury awarded a total of $7,150,000.00 to Bentley for compensatory damages for Bunton's acts of defamation. After remittitur, the award for actual damages stands at $300,000.000. The jury awarded Bentley $1,000,000.00 in exemplary damages.

## APPLICABLE LAW

■ In order to avoid the imposition of grossly excessive or arbitrary exemplary damages, the United States Supreme Court requires courts reviewing exemplary damages to consider three factors "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference be-

tween the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 418, 123 S.Ct. 1513, 1520, 155 L.Ed.2d 585, 601 (2003). The reviewing court considers these factors to ensure that exemplary damages are "reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered." *Id.,* 538 U.S. at 426, 123 S.Ct. at 1524. Each of these factors must be reviewed de novo to ensure that exemplary damages are not grossly disproportional to the gravity of the defendant's conduct. *Bunton,* 153 S.W.3d at 54.

■ The most important of these factors is the degree of reprehensibility of the defendant's conduct. *Campbell,* 538 U.S. at 419, 123 S.Ct. at 1521. In determining reprehensibility, we consider whether the harm caused was physical as opposed to economic, the tortious conduct evinced a reckless disregard of the health or safety of others, the target of the conduct had financial vulnerability, the conduct involved repeated actions or was an isolated incident, and the harm was the result of intentional malice, trickery, deceit, or mere accident. *Id.*

The United States Supreme Court has "been reluctant to identify concrete constitutional limits on the ratio between harm, or potential harm, to the plaintiff and the punitive damages award." *Campbell,* 538 U.S. at 424, 123 S.Ct. at 1524. However, in its discussion of ratios, it cited its past approval, on two separate occasions, of a 4-to-1 ratio. *Id.,* 538 U.S. at 425, 123 S.Ct. at 1524.

## DISCUSSION

■ This case involves defamatory comments about an elected official, made repeatedly in a public forum over a long period of time. Bunton accused Bentley of

being corrupt and a criminal who ought to be in jail. By corrupt, Bunton meant dishonest, unethical, shady, and unscrupulous. Bunton's charges that Bentley was corrupt were false as a matter of law. *Bentley,* 94 S.W.3d at 590. Bunton also accused Bentley of engaging in judicial misconduct, making improper campaign contributions, and various other bad acts. The evidence that Bunton acted with actual malice in defaming Bentley was clear and convincing. *Id.* at 602. As host of a cable television show, Bunton was in a position to air his comments to the general public. As a local district judge, Bentley was in a position to be harmed by those comments. We conclude Bunton's repeated acts of defamation constitute such reprehensibility as to warrant the imposition of exemplary damages.

Turning to the second factor, we consider the disparity between the actual harm suffered and the punitive damages awarded. Actual damages presently stand at $150,000.00 for damage to Bentley's character and reputation and $150,000.00 for mental anguish, for a total of $300,000.00 in actual damages. This is roughly a three and one-third to one ratio between punitive and compensatory damages, which is within the Supreme Court's accepted ratio. *See Campbell,* 538 U.S. at 425, 123 S.Ct. at 1524.

Regarding the third factor, a comparison of punitive damage awards imposed for similar conduct, we conclude the award in this case is in line with other defamation cases. *See Shearson Lehman Hutton, Inc. v. Tucker,* 806 S.W.2d 914 (Tex.App.-Corpus Christi 1991, writ dism'd) (Plaintiff awarded $1,000,000.00 in exemplary damages for slander.); *Frank B. Hall v. Buck,* 678 S.W.2d 612 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.) (Plaintiff awarded $1,300,000.00 in exemplary damages for defamation.).

### CONCLUSION

Considering the above factors as instructed by the supreme court, we conclude the jury's award of one million dollars in exemplary damages is reasonable.

We *affirm* the trial court's judgment as to its award of exemplary damages to be recovered by Bentley from Bunton.