COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-082-CV

 

 

COTTON PATCH CAFÉ, INC.                                                 APPELLANT

 

                                                   V.

 

CARL McCARTY                                                                    APPELLEE

 

                                              ------------

 

            FROM
THE 67TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

 

I. 
Introduction








The trial court entered a
no-answer default judgment against Appellant Cotton Patch Café, Inc. (Cotton
Patch) in a suit brought by Appellee Carl McCarty for injuries sustained in a
trip and fall accident.  Cotton Patch
brings this restricted appeal and complains in two points that the evidence is
legally and factually insufficient to show a causal nexus between McCarty=s trip and fall and his injuries and damages, that the evidence is
insufficient to support the awards for past and future medical expenses, pain
and suffering, physical impairment, and mental anguish, and that the trial
court lacked jurisdiction because of an error on the return of citation.  We will affirm in part and reverse and remand
in part, subject to a voluntary remittitur.

II.  Factual and Procedural Background








McCarty sued Cotton Patch on
June 7, 2004, alleging that he suffered injuries and incurred damages caused by
Cotton Patch=s
negligence.  McCarty served Cotton Patch
on June 23, 2004, but Cotton Patch did not file an answer.  On August 27, 2004, the trial court held a
hearing on McCarty=s request
for a default judgment.  A portion of the
evidence at the default judgment hearing shows that McCarty and his wife
entered the Cotton Patch Restaurant in Lake Worth on July 5, 2003.  As the hostess was leading them to a table,
McCarty tripped over a dustpan and fell on his right knee.  McCarty went to a hospital the next day,
received X-rays, and was referred back to his family physician.  A subsequent MRI indicated that McCarty had a
torn meniscus in his knee, and McCarty=s doctor recommended that he have surgery on his knee and lower
back.  Through medical invoices, McCarty
offered evidence that he has incurred medical expenses up until the time of the
default judgment hearing totaling about $7,000. 
McCarty also offered evidence in the form of an estimate from a medical
office indicating that the cost of future surgery for his knee would total
about $14,677.  McCarty testified that
the back surgery would could cost about $25,000 and that he would likely need
physical therapy after his knee surgery, which would cost Aanywhere from several hundred dollars up.@  McCarty also described the
extent to which the accident and injuries have affected him, which we detail in
our sufficiency analysis below. 

The trial court ultimately
entered an August 27, 2004 final default judgment awarding McCarty $50,000 for
past and future medical expenses; $100,000 for past and future pain and
suffering, physical impairment, and mental anguish; prejudgment and
postjudgment interest; and costs.  Cotton
Patch filed a supersedeas bond on January 18, 2005, and a notice of restricted
appeal on February 25, 2005. 

III.  Restricted Appeal








A restricted appeal is a
direct attack on the trial court=s judgment that affords an appellant the same scope of review as an
ordinary appeal, that is, review of the entire case.  In re E.K.N., 24 S.W.3d 586, 590 (Tex.
App.CFort Worth 2000, no pet.).  A
direct attack on a judgment by restricted appeal must (1) be brought within six
months after the trial court signs the judgment (2) by a party to the suit (3)
who did not participate in the actual trial, and (4) the error complained of is
apparent from the face of the record.  See
Tex. R. App. P. 30; Norman
Commc=ns v. Tex.
Eastman Co., 955 S.W.2d 269, 270 (Tex.
1997); E.K.N., 24 S.W.3d at 590. 
The face of the record, for purposes of restricted appeal review,
consists of all the papers on file in the appeal, including the reporter=s record.  Norman Commc=ns, 955 S.W.2d at 270.  Our review thus covers legal and factual
sufficiency claims, including the amount of damages awarded and Cotton Patch=s causal nexus claim.  See
id.; Morgan v. Compugraphic Corp., 675 S.W.2d 729, 731-32 (Tex.
1984).  Cotton Patch meets the first
three requirements for a restricted appeal; only the fourth requirement is at
issueCwhether Cotton Patch demonstrated on the face of the record that the
trial court erroneously entered a default judgment against it.

IV. Sufficiency Challenges

In its first issue, Cotton
Patch argues that the evidence is legally and factually insufficient (1) to
show a causal nexus between McCarty=s trip and fall and his injuries and damages and (2) to support the
trial court=s award for
unliquidated damages. 

A.  Standards of
Review








In deciding a legal sufficiency challenge, we consider only
the evidence and inferences which, when viewed in the light most favorable to
the judgment, tend to support the judgment; we disregard all evidence and
inferences to the contrary and will overrule the challenge if more than a
scintilla of evidence supports the finding. 
Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 84 (Tex. 1992).  An assertion that the evidence is factually insufficient to support a
fact finding means that the evidence supporting the finding is so weak or the
evidence to the contrary is so overwhelming that the answer should be set aside
and a new trial ordered.  Garza v.
Alviar, 395 S.W.2d 821, 823 (Tex. 1965). 
We are required to consider all of the evidence in the case in making
this determination, not just the evidence that supports the finding.  Mar. Overseas Corp. v. Ellis, 971
S.W.2d 402, 406-07 (Tex.), cert. denied, 525 U.S. 1017 (1998).  In determining whether damages are
excessive, we apply the same test as for any factual insufficiency question,
examining all the evidence in the record to determine whether sufficient
evidence supports the damage award, remitting only if some portion is so
factually insufficient or so against the great weight and preponderance of the
evidence as to be manifestly unjust. Torrington Co. v. Stutzman, 46
S.W.3d 829, 851 (Tex. 2000); Larson v.
Cactus Util. Co., 730 S.W.2d 640, 641 (Tex.
1987); Pope v. Moore, 711 S.W.2d 622, 624 (Tex. 1986).

B.  Causal Nexus













Generally, a default judgment
that is taken against a nonanswering defendant on an unliquidated claim
operates as an admission of all facts set out in the plaintiff=s petition except for the amount of damages.  Heine, 835 S.W.2d at 83; see also
Argyle Mechanical, Inc. v. Unigus Steel, Inc., 156 S.W.3d 685, 687 (Tex.
App.CDallas 2005, no pet.).   A
causal nexus between the defendant=s conduct and the event sued upon, or liability, is thus established
in such a case, but proof of a causal nexus between the event sued upon and the
plaintiff=s injuries
is still required.[2]  Morgan, 675 S.W.2d at 731-32; Jackson
v. Gutierrez, 77 S.W.3d 898, 902 (Tex. App.CHouston [14th Dist.] 2002, no pet.). 
A challenge to the legal and factual sufficiency of the evidence to show
this causal nexus is examined using the same standards applicable to any
sufficiency challenge.  Jackson,
77 S.W.3d at 902.  ALay testimony is adequate to prove causation in those cases in which
general experience and common sense will enable a layman to determine, with
reasonable probability, the causal relationship between the event and the
condition.@  Morgan, 675 S.W.2d at 733.

Here, Cotton Patch contends
that McCarty=s testimony
at the default judgment hearing did not establish that his knee and lower back
injuries were Acaused by@ or Aa result of@ the trip and fall.  McCarty=s petition states that he Asuffered severe injuries as a proximate result of [Cotton Patch=s] negligence@ and that A[a]s a result of [McCarty=s] injuries, [he] suffered . . . damages.@  McCarty testified that he
never had any Aknee
problems@ before the accident and that he had only a Aminor back problem@ twenty-five years earlier that required therapy, not surgery.  McCarty testified that he fell and injured
his knee and lower back.  He testified
that Aas a result of [the trip and fall],@ he went to the hospital, he received X-rays, he underwent an MRI of
his knee and back, he needs surgery on his knee and back, he now uses a walker
to help move about his house, and he has pain (back and both legs) from his
injures that affect his Astate of
mind.@  We hold that the evidence is
legally and factually sufficient to establish a causal nexus between McCarty=s trip and fall (the event sued upon) and his injuries and
damages.  See Morgan, 675 S.W.2d
at 731-32; Jackson, 77 S.W.3d at 902.

C.  Unliquidated Damages








Although the trial court
indicated at the conclusion of the default judgment hearing that it was
awarding McCarty $50,000 for past and future medical expenses and $100,000 for
past and future pain and suffering, physical impairment, and mental anguish, it
did not thereafter itemize the latter award. When the trial court does not
itemize damages in its default judgment, it is impossible to determine what
portion of the damages were ascribed to each ground of recovery claimed by the
plaintiff.  Dawson v. Briggs, 107
S.W.3d 739, 749 (Tex. App.CFort Worth 2003, no pet.).  We
will therefore examine the record to determine whether legally sufficient
evidence exists to establish each element of damage and whether the amountCa $100,000 global award for the total of all of these elements of
damageCis excessive.  Tagle v.
Galvan, 155 S.W.3d 510, 518 (Tex. App.CSan Antonio 2004, no pet.) (recognizing that when trial court awards
lump sum damage award, appellants are limited to challenging damage award as a
whole); Pentes Design, Inc. v. Perez, 840 S.W.2d 75, 80 (Tex. App.C1992, writ denied).

1.  Legal Sufficiency

A.  Medical Expenses








A claim for medical expenses
must be supported by evidence that such expenses were reasonably necessary for
the plaintiff to incur as a result of her injuries.  Jackson, 77 S.W.3d at 902; see also
Walker v. Ricks, 101 S.W.3d 740, 746 (Tex. App.CCorpus Christi 2003, no pet.). 
A plaintiff may prove that medical expenses are reasonable and necessary
(1) by presenting expert testimony on the issues of reasonableness and
necessity or (2) by presenting an affidavit prepared and filed in compliance
with section 18.001 of the Texas Civil Practice and Remedies Code.[3]  Jackson, 77 S.W.3d at 902; Rodriguez-Narrea
v. Ridinger, 19 S.W.3d 531, 532 (Tex. App.CFort Worth 2000, no pet.). 
Proof of amounts charged or paid is not proof of reasonableness, and
evidence that medical expenses are reasonable and customary is no evidence that
the medical expenses were reasonably necessary. 
Jackson, 77 S.W.3d at 902; Rodriguez-Narrea, 19 S.W.3d at
532.








Here, the trial court awarded
McCarty $50,000 for past and future medical expenses, but McCarty neither
offered an affidavit in compliance with civil practice and remedies code
section 18.001 nor proved that his medical expenses were reasonable and
necessary through expert testimony.  The
trial court admitted invoices indicating that McCarty had incurred $7,000 in
medical expenses and an estimate from a medical office showing that surgery on
McCarty=s knee would cost over $14,000, and McCarty testified that back
surgery would cost about $25,000.  This
evidence is not proof of the reasonableness of these charges.  See Smith v. Sw. Bell Tel. Co., 101
S.W.3d 698, 703 (Tex. App.CFort Worth 2003, no pet.) (reasoning that medical bill records do not
establish that medical expenses listed therein were reasonable).  No evidence exists that McCarty=s past medical expenses were reasonable or that the estimates for the
suggested future surgeries were reasonable. Accordingly, we sustain Cotton
Patch=s first issue to the extent it argues that the evidence is legally
insufficient to support the trial court=s award for past and future medical expenses.








The supreme court has
instructed that Awhen an
appellate court sustains a no evidence point after an uncontested hearing on
unliquidated damages following a no‑answer default judgment, the
appropriate disposition is a remand for a new trial on the issue of
unliquidated damages.@  Heine, 835 S.W.2d at 86; see also
Lefton v. Griffith, 136 S.W.3d 271, 280 (Tex. App.CSan Antonio 2004, no pet.) (remanding for new trial on economic
damages and mental anguish damages, but affirming attorney fee award).  But we may also suggest a voluntary
remittitur of this amount.  Tex. R. App. P. 46.5; Formosa
Plastics Corp. v. Presidio Eng=r, 960 S.W.2d 41, 51 (Tex. 1998)
(recognizing two means by which a remittitur may be effected on appeal,
including by suggestion by a court of appeals in lieu of ordering a new
trial).  If we find that part of a damages
verdict lacks sufficient evidentiary support, our proper course is to suggest a
remittitur of that part of the damages.  Larson,
730 S.W.2d at 641; Pope, 711 S.W.2d at 624.  Accordingly, we suggest a remittitur of
$50,000, the amount the trial court awarded for past and future medical expenses.


 

 

B.  Pain and Suffering








The process of awarding
damages for amorphous, discretionary injuries such as pain and suffering or
mental anguish is inherently difficult because the alleged injury is a
subjective, unliquidated, nonpecuniary loss. 
Dollison v. Hayes, 79 S.W.3d 246, 249 (Tex. App.CTexarkana 2002, no pet.).  The
presence or absence of pain, either physical or mental, is an inherently
subjective question because the process is not readily susceptible to objective
analysis.  Dawson, 107 S.W.3d at
751.  Accordingly, the trier of fact is
given broad discretion when determining such damages.  Sw. Tex. Coors, Inc. v. Morales, 948
S.W.2d 948, 951-52 (Tex. App.CSan Antonio 1997, no writ).        In
this case, McCarty testified that he never had knee problems in the past and
that he had only one episode of back problems twenty-five years ago. He
testified that he fell on his right knee, causing injury to his knee and lower
back.  After the fall and a subsequent
visit to the hospital and his family physician, an MRI of McCarty=s knee indicated that he had a torn meniscus, and his doctor
recommended that he have surgery on his knee and back and indicated that
physical therapy after surgery would be required.  McCarty further testified that he has a
needle-like pain that extends from his lower back down both of his legs, almost
to his knees.  At the conclusion of the
default judgment hearing, McCarty requested that the trial court award him
$100,000 for his non-medical-expense damages. 
Based on McCarty=s undisputed
testimony, we hold that the evidence is legally sufficient to support the trial
court=s award of some monetary damages for past and future pain and
suffering.

C.  Mental Anguish








An award for mental anguish
damages must be supported either by direct evidence of the nature, duration,
and severity of the plaintiff=s mental anguish, thereby establishing a substantial interruption in
the plaintiff=s daily
routine, or by circumstantial evidence of a high degree of mental pain and
distress that is greater than mere worry, anxiety, vexation, embarrassment, or
anger.  Parkway Co. v. Woodruff,
901 S.W.2d 434, 444 (Tex. 1995).  Damages
for future mental anguish are recoverable Aif there is a reasonable probability that they will be suffered in the
future.@  Lubbock County v. Strube,
953 S.W.2d 847, 857 (Tex. App.CAustin 1997, pet. denied) (op. on reh=g).  Here, McCarty testified
that he has AAR stenosis@ and Asevere lung
problems,@ that he is
being treated for his lung condition, and that he is unable to have heart
surgery because his oxygen level is Aso bad.@  Because of these prior conditions (unrelated
to the accident at the Cotton Patch restaurant), McCarty is unable to have the
recommended surgery on his knee and back and resolve the pain (needle-like
pain) and injuries associated therewith. 
McCarty testified that he would Adefinitely@ have the
surgeries on his knee and back if he were able to resolve his other health
problems because he Acan=t live like this.@  McCarty further testified that
his injuries have affected his state of mind because he is Ataking so much medication@ and that Ait has a lot
to do with my home life.@  He continued, AThey give me Celebrex, viagra and stuff like that to help me, but it
doesn=t work.  So the urologist is
trying to talk me into some sort of pump now, so . . . .@  Based on McCarty=s undisputed testimony, which also indicated a reasonable probability
of continued mental anguish in the future, we hold that the evidence is legally
sufficient to support the trial court=s award of some monetary damages for past and future mental anguish.

D.  Physical Impairment








In order to recover for
physical impairment, the plaintiff must show that the effect of the physical
impairment is substantial and extends beyond any pain, suffering, mental
anguish, lost wages, or earning capacity. 
Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 772 (Tex.
2003).  Damages for physical impairment
are meant to compensate a plaintiff for an impairment of the capacity to enjoy
life.  Santa Rosa Med. Ctr. v.
Robinson, 560 S.W.2d 751, 762 (Tex. Civ. App.CSan Antonio 1977, no writ). 
McCarty, who is seventy-six and retired, testified that he is no longer
able to work on his pool, that his foot swells up when he walks and Astep[s] off a curb or something like that,@ and that he has to use a walker to move about his home, which he
never used before.  Based on McCarty=s undisputed testimony, we hold that the evidence is legally
sufficient to support the trial court=s award of some monetary damages for past and future physical
impairment.

2.  Factual Sufficiency








Having determined that the
evidence is legally sufficient to support the trial court=s award for past and future pain and suffering, mental anguish, and
physical impairment, we must now determine whether the evidence concerning
these elements of damage is so factually insufficient that it is against the
great weight and preponderance of the evidence as to be manifestly unjust.  Pope, 711 S.W.2d at 624; Pentes,
840 S.W.2d at 80-81.  However, once the
existence of some pain, mental anguish, and impairment has been established,
there is no objective way to measure the adequacy of the amount awarded as
compensation, which is generally left to the discretion of the
fact-finder.  Dawson, 107 S.W.3d
at 751.  The process of awarding damages
for amorphous, discretionary injuries such as pain and suffering is inherently
difficult because the alleged injury is a subjective, unliquidated, nonpecuniary
loss.  Id.  The amounts awarded for such damages are
necessarily speculative, and each case must be judged on its own facts.  Id. 









Even though each case must be
judged on its own unique facts, it is proper to consider other approved awards
in similar cases to determine if an award for pain and suffering is
excessive.  HCRA of Texas, Inc. v.
Johnston, 178 S.W.3d 861, 872 (Tex. App.CFort Worth 2005, no pet.).  In HCRA,
this court determined that an award of $75,000 was not excessive to compensate
a nursing home resident for physical pain and mental anguish suffered from
decubitis ulcers and malnutrition.  Id.  In Sunbridge Healthcare Corp., the
court held that an award of one million dollars was not excessive to compensate
the plaintiff for physical pain and mental anguish suffered from injuries
sustained in falls.  Sunbridge
Healthcare Corp. v. Penny, 160 S.W.3d 230, 252 (Tex. App.CTexarkana 2005, no pet.).  In Cresthaven
Nursing Residence v. Freeman, the court held that an award of one million
dollarsCremitted down from four million dollarsCwas not excessive to compensate the plaintiff for physical pain and
mental anguish suffered from two broken legs sustained in a fall.  134 S.W.3d 214, 228‑232 (Tex. App.CAmarillo 2003, no pet.).  In Guzman
v. Guajardo, the court held that an award of $600,000 was not excessive to
compensate a young boy who endured fifteen minutes of pain sustained in a car
accident before dying.  761 S.W.2d 506,
512 (Tex. App.CCorpus
Christi 1988, writ denied).

In the instant case, McCarty=s testimony, including that he fell and injured his knee, that he has
sharp pain in his lower back and legs, that his foot swells when he walks, that
he now uses a walker to move around his home, and that he is unable to have
surgery in order to address his injuries resulting from the fall, constitutes
factually sufficient evidence to support the trial court=s award; the award of $100,000 is not excessive.  Accordingly, we overrule Cotton Patch=s first issue to the extent it argues that the evidence is legally and
factually insufficient to support the trial court=s awards for past and future pain and suffering, mental anguish, and
physical impairment.  

V.  Service of Citation








In its second issue, Cotton
Patch argues that error is apparent on the face of the record because the
return of citation contains an incorrect numeral which, consequently, precluded
the trial court from acquiring jurisdiction over it.  Strict compliance with the rules of service
of citation must affirmatively appear in the record in order for a default
judgment to withstand a direct attack.  Primate
Constr., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994).  When the attempted service of process is
invalid, the trial court acquires no personal jurisdiction over the defendant,
and the default judgment is void.  Westcliffe,
Inc. v. Bear Creek Constr., Ltd., 105 S.W.3d 286, 290 (Tex. App.CDallas 2003, no pet.).  There
are no presumptions in favor of valid issuance, service, and return of citation
in the face of a direct attack on a default judgment, but strict compliance
does not require Aobeisance to
the minutest detail.@  Uvalde Country Club v. Martin Linen Supply
Co., 690 S.W.2d 884, 885 (Tex. 1985); Herbert v. Greater Gulf Coast
Enters., 915 S.W.2d 866, 871 (Tex. App.CHouston [1st Dist.] 1995, no writ).








The officer=s return of citation states that service was made upon Cotton Patch=s registered agent at A4825 W. Royal Ln, Irving, TX 75062@ [Emphasis added.].  McCarty=s petition and the citation, however, identify the registered agent=s address as 4825 West Royal Lane, Irving, Texas A75063.@  [Emphasis added.].  Cotton Patch argues that this numerical
discrepancy occuring only on the return of citationCthe citation and the petition contain the correct digitCconstitutes error on the face of the record.  We cannot agree.  Rule 107 of the Texas Rules of Civil
Procedure requires the return to state when the citation was served, to state
the manner of service, to be signed by the officer officially or by the
authorized person, and to be verified if the return is by an authorized
person.  Tex. R. Civ. P. 107. 
The return clearly complies with the requirements of Rule 107, but
simply contains an incorrect final numeral in the registered agent=s zip code.  The zip code in
McCarty=s petition correctly states that the registered agent=s zip code is A75063,@ the citation contains the correct zip code on the same page as the
officer=s return, and Cotton Patch does not argue that it was not served.  At the conclusion of the default judgment
hearing, the trial court found that Cotton Patch had been served with citation
and with a copy of McCarty=s petition.  Thus, because the
return of citation complies with Rule 107, because Cotton Patch does not claim
that it did not receive service, and because the citation and return show that
citation was actually served on Cotton Patch=s registered agent, we hold that the service was not defective so as
to deprive the trial court of jurisdiction over Cotton Patch.  See Regalado v. State, 934 S.W.2d 852,
854 (Tex. App.CCorpus
Christi 1996, no writ) (reasoning that service of process will not be
invalidated so long as the citation and return show with reasonable certainty
that citation was served on defendant). 
We overrule Cotton Patch=s second issue.

VI.  Conclusion








We affirm the trial court=s award of $100,000 for past and future pain and suffering, physical
impairment, and mental anguish damages, but we reverse the trial court=s award of $50,000 for past and future medical expenses.  We suggest a remittitur of $50,000, the
amount of the trial court=s past and
future medical expenses award.  If,
within fifteen days of the date of this opinion, McCarty files in this court a
remittitur of $50,000, then our subsequent judgment will reform the trial court=s judgment in accordance with the remittitur and, as reformed, affirm
that judgment.  See Tex. R. App. P. 46.5.  Unless a voluntary remittitur is filed, we
reverse the trial court=s judgment
and remand the case to the trial court for a new trial on the issue of
unliquidated damages. 

 

SUE WALKER

JUSTICE

 

PANEL
B:   LIVINGSTON, GARDNER, and WALKER, JJ.

 

DELIVERED:
March 9, 2006











[1]See Tex. R. App. P. 47.4.





[2]In Morgan,
the supreme court stated,

 

The
causal nexus between the event sued upon and the plaintiff=s
injuries is strictly referable to the damages portion of the plaintiff=s
cause of action.  Even if the defendant=s
liability has been established, proof of this causal nexus is necessary to
ascertain the amount of damages to which the plaintiff is entitled.  This is true because the plaintiff is
entitled to recover damages only for those injuries caused by the event made
the basis of suit; that the defendant has defaulted does not give the plaintiff
the right to recover for damages which did not arise from his cause of action.

 

Morgan, 675
S.W.2d at 732  





[3]Section
18.001 provides in relevant part:

 

(b)
Unless a controverting affidavit is filed as provided by this section, an
affidavit that the amount a person charged for a service was reasonable at the
time and place that the service was provided and that the service was necessary
is sufficient evidence to support a finding of fact by judge or jury that the
amount charged was reasonable or that the service was necessary.

 

Tex. Civ. Prac. & Rem. Code Ann. '
18.001 (Vernon 1997).