ACCEPTED
01-09-00997-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/23/2015 5:26:47 PM
CHRISTOPHER PRINE
CLERK

NO. 01-09-00997-CV

_____

IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT OF TEXAS
AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/23/2015 5:26:47 PM
CHRISTOPHER A. PRINE
Clerk

_____

*Carlton Energy Group, LLC*,

Appellant/Cross-Appellee,

v.

*Gene E. Phillips, Individually and d/b/a Phillips Oil Interests, LLC, et al.*,

Appellees/Cross-Appellants.

_____

ON REMAND FROM THE SUPREME COURT OF TEXAS
CAUSE NUMBER 12-0255

_____

**OPPOSED MOTION FOR LEAVE TO FILE
SUPPLEMENTAL BRIEFING**

_____

Appellants, Gene E. Phillips, individually and d/b/a Phillips Oil Interests, LLC; EurEnergy Resources Corporation, f/k/a EurEnergy Resources, LLC; Syntek West, Inc.; and CabelTel International Corporation n/k/a New Concept Energy, Inc. herein collectively referred to herein as "Movants" or "Phillips"), respectfully request leave to file supplemental briefing following remand of the cause to this Court by the Texas Supreme Court. In support of their motion, Movants show as follows:

-1-

## I.    Background

Movants acknowledge the Court's familiarity with the parties' arguments and authorities as set forth in briefs filed with this Court both before and after oral argument on February 11, 2011. Although both parties had appealed the trial court's judgment to this Court, only Movants sought review in the Supreme Court of Texas. The Supreme Court accepted review and issued a unanimous opinion on May 8, 2015. Among other holdings, the Supreme Court held that "[n]othing in the evidence supports the jury's $66.5 million finding" or Carlton's alternative "gas-in-the-ground" valuation of $38 million. Slip Op. at 23, 2015 WL 2148591, at *11. The Supreme Court went on to conclude, however, that evidence of what Phillips and other investors paid or were "willing to pay" for "the very interest at issue" was "some evidence to support the verdict." Slip Op. at 25; 2015 WL 2148591, at *11. The Court thus remanded the case to this Court "for further proceedings in accordance with this Court's opinion." Mandate of Supreme Court, December 22, 2015, at 1.

## II.    Argument and Authorities

A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe. Tex. R. App. P. 38.7. This motion for leave is not sought for the purpose of delay, but to allow the

Movants an opportunity to address fully and completely the issues remanded to this Court for further consideration in light of the Supreme Court's decision. On this record, justice requires that supplemental briefing on remand be permitted.

### A. The Supreme Court contemplated supplemental briefing on remand.

In remanding this case for further proceedings, the Supreme Court stated that "Phillips is entitled to argue that the jury's verdict was against the great weight and preponderance of the evidence," Slip Op. at 25, 2015 WL 2148951, at *11, and that Movants' "argu[ment] that the evidence is factually insufficient to support the judgment . . . may be raised on remand," Slip Op. at 26, 2015 WL 2148951, at *12. The Supreme Court's pronouncement that Movants are *entitled to raise* certain issues and *argue* them to this Court certainly contemplates more than a cold reliance on merits briefs filed more than five years ago. Indeed, further briefing is essential to allow the parties to provide their arguments about the effect of the Supreme Court's decision.

### B. This Court may lack the constitutional authority to conduct a factual sufficiency review.

Further briefing is also needed because the disposition by the Supreme Court raises concerns about the constitutionality of a factual sufficiency review by this Court. The Supreme Court rejected Carlton's gas-in-the-ground

evidence, the only theory that would support the jury's $66.5 million verdict, as "completely conjectural." Slip Op. at 22, 2015 WL 2148951, at \*11. Nothing in the jury's verdict indicated that it even considered, much less credited, the market valuation evidence which the Supreme Court held to be "some evidence." Thus, it is logically impossible for this Court, on this record, to perform its constitutional obligation to "examine all the evidence in the record to determine whether sufficient evidence supports the damage award, remitting only if *some portion* is so factually insufficient or against the great weight and preponderance of the evidence as to be manifestly unjust," *Pope v. Moore*, 711 S.W.2d 622, 624 (Tex. 1986) (emphasis added). If all the evidence supporting the jury's verdict as rendered is disregarded, as the Supreme Court has directed, the only way for this Court to devise a judgment is to act as the "sole judges of the credibility of the witnesses and the weight to be given their testimony." See Tex. R. Civ. P. 226a.

The Supreme Court has frequently reminded the bench and bar that "[i]n conducting its factual sufficiency review an appellate court is not to substitute its judgment for that of the jury." *Barker v. Eckman,* 213 S.W.3d 306, 314 (Tex. 2006). As Justice W. St. John Garwood observed long ago, "a court of civil appeals has no power to find facts. It may only 'unfind' facts which a jury or trial judge has improperly found." W. St. John Garwood, *The*

*Question of Insufficient Evidence on Appeal,* 30 TEX. L. REV. 803, 813-14 (1952). Whether this Court were to pick one of the numbers suggested by the Supreme Court—$31,160,000, $5,193,333.33, or $60,000, Slip Op. at 25, 2015 WL 2148951, at *6—or some other number that might find support in the record, it would be making a factual determination in the first instance, which is beyond the Court's authority.

These concerns did not arise until the Supreme Court rendered its judgment and issued its opinion, and hence this issue was not briefed by either party in any court prior to that date.[1] Although the Court ultimately denied the motion one day before it lost constitutional jurisdiction over the case, *see* TEX. CONST. art. V, § 31(d), it made no ruling on the constitutional question. This Court must therefore, in the first instance, make its own determination about its constitutional power to proceed. After all, this Court retains its own independent discretion, either before or after conducting a factual sufficiency review, to remand to the trial court for a new trial. *See ERI Consulting Eng'rs v. Swinnea,* 318 S.W.3d 867, 880 (Tex. 2010).

---

[1] Before the Supreme Court rendered its judgment, asserting any error based on an assumption that the Court would reach the result that it did would have been premature, if not presumptuous. As the Court explained in *Bunton v. Bentley*, 153 S.W.3d 50, 53 (Tex. 2004), "[a] complaint that arises from the court of appeals' judgment . . . may be raised either in a motion for rehearing in the court of appeals or in a petition for review in this Court." (citing *Larsen v. FDIC/Manager Fund*, 835 S.W.2d 66, 74  n.12 (Tex. 1992)). Similarly, a complaint that arises from the Supreme Court's judgment need not be raised before the judgment is rendered.

### C. The Parties' Prior Briefing Does Not Fully Explicate the Factual Sufficiency Issues.

Because of the large number of issues on a wide range of subjects involved in the appeal, the parties were limited in fully explicating the factual sufficiency of the evidence. Both sides presented a wide array of both liability and damages arguments, and indeed both side's "lead" arguments that consumed most of the briefing in this Court were ultimately rejected by the Supreme Court.

Given the Supreme Court's disposition, the issues are now narrowed. Supplemental briefing will allow the parties to fully address the issues that remain and will assist this Court in determining a just disposition.

### III. Prayer

Wherefore, Gene E. Phillips, individually and d/b/a Phillips Oil Interests, LLC, EurEnergy Resources Corporation, f/k/a EurEnergy Resources, LLC, Syntek West, Inc. and CabelTel International Corporation n/k/a New Concept Energy, Inc. respectfully request that the Court grant this Motion for Leave to File Supplemental Briefing and order an appropriate deadline for said briefing to be submitted and filed on such terms as the Court may direct.

Respectfully submitted,

BAKER BOTTS L.L.P.

By: / s / *Thomas R. Phillips*

Thomas R. Phillips
tom.phillips@bakerbotts.com
State Bar No. 00000102
Evan A. Young
evan.young@bakerbotts.com
State Bar No. 24058192
Benjamin A. Geslison
ben.geslison@bakerbotts.com
State Bar No. 24074269
98 San Jacinto Blvd. Ste 1500
Austin, Texas 78701
T: (512) 322-2565
F: (512) 322-8363

LOCKE LORD LLP

Mike Hatchell
mahatchell@lockelord.com
State Bar No. 09219000
Charles Watson
cwatson@lockelord.com
State Bar No. 20967500
600 Congress Ave. Ste 2200
Austin, Texas 78701
T: (512) 305-4700

*Attorneys for Appellees/Cross-Appellants*
*Gene E. Phillips, Individually and*
*d/b/a Phillips Oil Interests, L.L.C., and*
*EurEnergy Resources Corp.*

HOLMGREN JOHNSON
MITCHELL MADDEN LLP

Mitchell Madden
mmadden@hjmmlegal.com
State Bar No. 12789350
Melissa Johnson
State Bar No. 19142900
melissa@hjmmlegal.com
Thomas V. Murto III
tmurto@hjmmlegal.com
State Bar No. 14740500
13800 Montfort Dr. Ste 160
Dallas, Texas 75240
T: (972) 484-7780

*Attorneys for Appellees/Cross-Appellants*
*Gene E. Phillips, Individually and*
*d/b/a Phillips Oil Interests, L.L.C.*

HAWKINS PARNELL THACKSTON
& YOUNG LLP

Robert B. Gilbreath
rgilbreath@hptylaw.com
State Bar No. 07904620
4514 Cole Ave. Ste 500
Dallas, Texas 75205

William V. Dorsaneo, III
State Bar No. 06012000
3315 Daniel Avenue
Dallas, Texas 75202
T: (214) 780-5114

*Attorneys for Appellees/Cross-Appellants*
*Syntek West, Inc. and CabelTel International*
*Corporation*

-8-

## CERTIFICATE OF CONFERENCE

I certify that on December 21 and 22, I spoke by telephone to Warren Harris, one of the counsel for Carlton Energy Group, LLC, and after consultation with others he advised me that his client was opposed to this Motion.

/ s / Thomas R. Phillips
Thomas R. Phillips

## CERTIFICATE OF SERVICE

I certify that a copy of this motion was served electronically on all counsel of record listed below on December 23, 2015:

Fred Hagans
Kendall C. Montgomery
Paula Janecek Mathers
HAGANS BURDINE MONTGOMERY &
RUSTAY, P.C.
3200 Travis, Fourth Floor
Houston, Texas 77006
Email: FHagans@hagans-law.com

Roger D. Townsend
Kevin Dubose
ALEXANDER DUBOSE & TOWNSEND,
LLP
1844 Harvard Street
Houston, Texas 77008
Email: rtownsend@adtappellate.com

Warren W. Harris
Jeffrey L. Oldham
BRACEWELL & GIULIANI LLP
711 Louisiana Street Ste 2300
Houston, Texas 77002
Email: Warren.Harris@bgllp.com

David M. Gunn
BECK REDDEN & SECREST, L.L.P.
1221 McKinney St. Ste 4500
Houston, Texas 77010
Email: dgunn@beckredden.com

Vincent L. Marable III
PAUL WEBB, P.C.
221 North Houston Street
Wharton, Texas 77488
Email: trippmarable@sbcglobal.net

/ s / Thomas R. Phillips
Thomas R. Phillips